## THE PEOPLE v. HOOD.

An indictment for arson, charging that the accused " did on a certain day burn, or cause to be burned, a certain dwelling house," is bad, because the charge is laid in the alternative, whereas it should be special.

An indictment should set forth the facts and circumstances of the alleged offence, so that the accused may be prepared for his defence.

APPEAL from the District Court of the Eighth Judicial District, County of Siskiyou.

The defendant was indicted for the crime of arson.   The body of the indictment is in these words :   " John Hood is accused by the grand jury of the county of Siskiyou by this indictment, of the crime of arson, committed as follows :   The said John Hood, on or about the eleventh day of October, in the year one thousand eight hundred and fifty-five, in Scott's Valley, Siskiyou county, State of California, did willfully and maliciously burn, or cause to be burned, a certain dwelling house situated in said valley, the property of one Mary Duncan."

The defendant demurred to the indictment.   The demurrer was over-ruled, and the defendant tried and convicted.   Defendant appealed.

*Edwards & English* for Appellant.

*First.* That the Court erred in overruling the demurrer.

1. Because the indictment is for a felony, and the act is not alleged to have been done *feloniously*.

2. Because the indictment does not contain a statement of the acts constituting the offence, or the particular circumstances of the offence charged.

3. Because the indictment is in the disjunctive, that the defendant " burned or caused to be burned."

As to the second point, we refer to the language of this Court in the case of The People *v.* Jacinto Aro, at the April term, 1856.

As to the third point, we say that the provision in the two hundred and thirty-ninth section of the Act to regulate proceedings in criminal cases (Acts of 1851, p. 238), " that the indictment must be direct, means that the indictment must be *certain, positive.*

The rule has always been that as an offence must be positively charged, stating an offence in the disjunctive is bad.   1 Ch. Crim. L., 174.

The following authorities sustain the position that an indictment charging a man disjunctively, is void :   Bac. Abr., Tit. Indictment, Letter G., No. 1 ;   Rex. *v.* Stocker, 1· Salk, 342, 371 ;   Rex. *v.* Flint, Hard., 370 :   Rex. *v.* Stoughton, 2 Str., 900, 901 ;   State *v.* Obannon, 1 Bailey, 144.

*William T. Wallace, Attorney General,* for the People.

The indictment is sufficient in form and   in substance.   The words, " burn or cause to be burned," are equivalent expressions, and although they are both needlessly inserted in the indictment, it is submitted that the indictment is not vitiated thereby.   When tested by the rule pre-scribed by the two hundred and forty-fifth section, p. 454 of Compiled Laws of California, the indictment is clearly sufficient.   The particular circumstances of the offence need only be charged where they are necessary to constitute a complete offence.   Section 239, p. 453 Com-piled Laws.   It is clear that the appellant was not deprived of any substantial right by the form and substance of this indictment, and unless this is so, the judgment will not be reversed.   Sec. 499, p. 486, Comp. Laws ; People *v.* Lockwood, decided at April term, 1856.

16

The opinion of the Court was delivered by Mr. Chief Justice MUR-RAY. Mr. Justice TERRY concurred.

The indictment in this case charges the accused of the crime of arson, in this, that on a certain day, etc., "he did *burn or cause* to be burned, a certain dwelling house, etc."

This is not a sufficient description of the offence; first, because the charge is laid in the alternative, whereas it should be special; and second, because the facts and circumstances of the alleged offence are not set forth in such a manner as to apprise the prisoner of the offence charged against him, so that he may be prepared for his defence. See the case of the People v. Aro, April term, 1856:

Judgment reversed, and new trial ordered.