## THE PEOPLE v. JACOB MYERS.

It is not necessary that an indictment for arson should state in terms that the defendant "set fire" to the dwelling house—an averment that the defendant "feloniously, willfully and maliciously did burn and cause to be burned" is in this respect sufficient.

*The People* v. *Hood* (6 Cal. 236) commented upon and overruled.

The averments of an indictment for arson must be direct and certain as to the ownership of the dwelling house which the defendant is accused of burning. An indictment which leaves the question of ownership to rest upon conjecture, or to be made out by argument, is demurrable.

The allegation of the ownership of the building burned is a part of the description of the offense, and it must be direct that the building was the property of the person who at the time was occupying it in his own right.

Thus, where the language of the indictment in reference to the ownership was— "which said dwelling house was then and there the property of one Lemon, and was then and there the dwelling house of one Chinaman, a human being, whose real name is to the jurors unknown :" *Held*, on demurrer, that the indictment was insufficient.

An indictment for arson which contains two averments as to the ownership of the dwelling house, either of which without the other is good, but which are repugnant to each other, is demurrable.

No allegation in an indictment, which is descriptive of the identity of what is legally essential to the offense charged therein, can be rejected as surplusage.

On the appeal of a criminal case the transcript may be filed with the Clerk of the Supreme Court without the payment of the fees therefor in advance. In such action the Clerk cannot refuse to render his services for the People on account of nonpayment of fees.

APPEAL from the Sixth Judicial District.

A motion having been made by the District Attorney for leave to file the transcript in this case without payment of Clerk's fees, the following opinion was delivered by NORTON, J.—the other Justices concurring.       •

A motion is made in this case by the District Attorney of Sacramento county for leave to file the transcript of the record with the Clerk of the Court without payment of the Clerk's fees in advance.

The District Attorney in prosecuting actions for the People is a public agent, and is not personally liable to other officers for the fees payable to them for their services in such actions. It follows that he cannot be required to advance such fees from his own funds. There appears to be no provision of law for paying fees in advance

on behalf of the People, or furnishing public officers with the means of making such advances. The result is that the Clerk must render his services in actions prosecuted by the People without receiving his fees in advance, or the wheels of justice are blocked. Without entering into a consideration of the question whether a public officer is bound, as an incident of his office, to render any services pertaining to his office which may be required on behalf of the People, without regard to the time or mode of payment of his fees, or whether they will be paid at all, we think at least that such officer may be presumed to have taken his office under an implied understanding that he is to render his official services to the People when required, and to obtain his fees in the manner provided by law for the payment of public dues; that is, by presenting an account to the proper officers for allowance and payment.

Motion granted.

*W. W. Upton*, for Appellant, cited Arch. Crim. Pl. 47–49; Wharton's Am. Cr. L. 132, 529; 1 Chit. Cr. L. 242; 4 Black. Com. 222; 7 Porter [Ala.] 495; *People* v. *Aro*, 6 Cal. 208; *People* v. *Parsons*, Id. 487; *People* v. *Dolan*, 9 Id. 576; *People* v. *Saviers*, 14 Id. 30; *People* v. *Beatty*, Id. 566.

*Francis McConnell*, for Respondent.

I. The indictment should state that the defendant "set fire to the dwelling house, and more specifically the circumstances of the burning." (*People* v. *Hood*, 6 Cal. 236; 11 Stanton [Ohio] 282; Chitty's Cr. Law, 227, and cases there cited; Wharton's Cr. Law, 4th Ed. 372; 4 Porter [Ala.] 397; *State* v. *Denman*, 8 Wis. 494; Wharton's Precedents, 2d Ed. 256; 3 Arch. Cr. Pr. & Pl. 485; *People* v. *Wallace*, 9 Cal. 30; 8 Id. 42; 9 Id. 313; 14 Id. 101.)

II. The indictment is defective in its statement of the ownership of the dwelling house. (*People* v. *Gaits*, 15 Wend. 159; 7 Blackston's R. 168; 17 Pick. 395.)

NORTON, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an indictment for arson, in which it is averred that the

defendant "feloniously, willfully and maliciously did burn, and cause to be burned, a certain dwelling house, there situate, which said dwelling house was then and there the property of one L. Lemon, and was then and there the dwelling house of one Chinaman, a human being, whose real name is to the jurors of the said grand jury unknown, and the said Chinaman, the human being last aforesaid, was then and there in the said dwelling, at" etc. A demurrer to the indictment having been sustained, the People have appealed, and on the argument the respondent assigns two objections to the indictment.

1. That it does not state that the defendant "set fire" to the dwelling house. In the precedents of indictments in Great Britain and in the several States in this country at the present day, this expression is usually contained, but this is because in the later statutes in Great Britain, and in most of our States, the crime of arson is defined as being the "setting fire to and burning," etc. In this State, and in some other States, the crime is defined as being the "burning or causing to be burned," etc. Blackstone says: "Arson, *ab ardendo*, is the malicious and willful burning of the house or (otherwise) of another," and "as to what shall be said to be a burning, so as to amount to arson, a bare intent or attempt to do it by actually setting fire to a house, unless it absolutely *burns*, does not fall within the description of *incendit et combusit*, which were words necessary in the days of law Latin to all indictments of this sort." (4 Black. Com. 220, 222.) In East's Pleas of the Crown, second volume, pages 1015, etc., various statutes are given which were enacted prior to the 9th George I, and in which the offense is defined to be the "burning or causing to be burned;" but the statute of 9 George I, chap. 22, enacts that "if any person or persons shall set fire to any house," etc.; and Mr. East says: "At common law it was necessary, as before observed, to state an actual burning, but the statute (9 George I) using the term 'set fire to' the house, it is now become common to state both, though in effect meaning the same thing." (2 East's Pleas of the Crown, 1033, sec. 11.) It appears, therefore, that before the introduction of the terms "set fire to" in the statute defining the offense, it was not usual, and of course not deemed necessary to employ those terms

in the indictment. Accordingly now, in the State of Massachusetts, where the statute, like ours, defines the offense as " the burning or causing to be burned," the precedents of indictments do not contain this expression. (Wharton's Am. Cr. Law, 4th Ed. sec. 1626 ; Whart. Prec. of Indict. and Pleas, sec. 392.) In New Jersey also the statute is like ours, (N. J. Revised Laws, 251, sec. 28) and in the case of *State* v. *Price* (6 Halstead, 203) an indictment is set out at length, in which it is charged that the defendant one barn " willfully and maliciously did burn and cause to be burned." As a precedent of a form of indictment this is entitled to special weight, as it was brought before a Court in a case which was closely contested, and in which every objection was taken, however minute, which was deemed available, while this point was not raised, although the allegation was under consideration on an objection that it used the word "*and*" instead of "*or*." In the case of the *People* v. *Hood*, (6 Cal. 236) in which the charge was that " he did burn or cause to be burned a certain dwelling house," etc., it was held not to be a sufficient description of the offense, because the facts and circumstances of the alleged offense were not sufficiently set forth ; and the case of *The People* v. *Jacinto Aro* (6 Cal. 207) is referred to as authority for the ruling. This latter was an indictment for murder, and the case is only authority in this application, for the general proposition that the facts and circumstances constituting the offense must be stated. This is not questioned. But the words " set fire to " are not a part of the definition of the offense, either by our statute, or as it would seem, at common law ; and their use, in addition to the allegation that " he burned and caused to be burned," would not aid at all in apprising the defendant of the charge made against him. We believe it is not claimed that it was requisite to set forth the mode or manner of setting the fire or causing the burning. The decision in the case of `The People* v. *Hood*, on this point, was made without due consideration, and should be overruled.

2. That the indictment sets forth in the same count that Lemon is the owner of the dwelling house burned, and that it was the dwelling house of a Chinaman whose name is unknown. It is essential that the indictment should show that the building burned

is the property of another. (East's Pleas of the Crown, 1034.) And this was so held where the statute, like ours, did not say so in terms. (*The People* v. *Gates*, 15 Wend. 159.) The allegation of the ownership of the building burned is a part of the description of the offense. It is a general rule of criminal pleading, as well as a provision of our statute, (Cr. Pr. Act, sec. 239) that the indictment must be direct and certain as it regards the offense charged. In this indictment it is altogether uncertain whether the building burned was the dwelling house of Lemon or the Chinaman. It may be conjectured that it is intended to assert that the general property was in Lemon, and the special property or the possession coupled with an interest was in the Chinaman, and the statement that the Chinaman was then in the dwelling house would aid this conjecture. But the meaning of such an averment, if it were admissible to make such an averment in this form, cannot be left to rest upon conjecture or to be made out by an argument. The defendant must be distinctly informed whose dwelling house he is accused of burning. It is urged in reply that surplusage may be rejected. But no allegation which is descriptive of the identity of what is legally essential to the charge in the indictment can be rejected as surplusage. (*United States* v. *Howard*, 3 Sum. 12.) Such is the character of these allegations. Either would be sufficient as an averment without the other; but they are repugnant, and cannot both be proved on the trial as descriptive of the offense, nor can the defendant know with certainty which the people will elect to consider surplusage or as to which he must prepare to defend. The averment should be direct, that the house burned was the property of the person who at the time was occupying it in his own right, for instance, as a tenant.

For the reason assigned in the second objection, the indictment is bad, and the judgment must be affirmed.