[No. 2,605.]

THE PEOPLE OF THE STATE OF CALIFORNIA *v.* WILLIAM HUGHES.

IMMATERIAL VARIANCE. — If the variance between an allegation in an indictment and the proof be immaterial, it should be disregarded.

ACQUITTAL FOR VARIANCE WHEN A BAR TO SUBSEQUENT PROSECUTION.— If a party be acquitted on the ground of an immaterial variance, he cannot be again prosecuted for the same offense. The error of the Court or jury, in regarding as material a variance between the allegations and proof, will not render the acquittal less available and conclusive as a bar to a subsequent prosecution. But if the variance be material, the acquittal will not bar a subsequent prosecution.

ALLEGATION OF OWNERSHIP IN INDICTMENT FOR LARCENY.—An allegation of the ownership of the stolen property is essential in an indictment for larceny, unless the offense is otherwise sufficiently described.

APPEAL from the Municipal Criminal Court of the City and County of San Francisco.

The defendant having been indicted for grand larceny plead not guilty and previous acquittal. A verdict of guilty

was returned by the jury. From the judgment of impris-
onment and from an order overruling a motion for a new
trial the defendant appealed.

The other facts are stated in the opinion.

*George W. Tyler*, for the Appellant, argued that the defend-
ant had been once put in jeopardy by the trial, in which
he was acquitted for a variance in the name of the owner
of the watch alleged to have been stolen, and could not again
be tried for the same offense. He cited *People* v. *Webb*, 38
Cal. 467.

*M. M. Byrne*, for the Respondent, argued that the record
of the former acquittal was excluded as evidence by section
three hundred and five of the Criminal Practice Act.

By the Court, RHODES, C. J.:

The defendant was indicted for stealing " one gold watch
of the value of two hundred dollars, * * * of the goods,
chattels, and property of *Stephen* F. Merritt." On the trial,
in support of his plea of former acquittal, he offered in evi-
dence an indictment charging him with the larceny of " one
gold watch of the value of two hundred dollars, * * *
of the goods, chattels, and property of *Samuel* F. Merritt;"
and offered to prove by the records of the County Court and
oral testimony, that he was charged by that indictment with
stealing the identical watch mentioned in the pending
indictment; that he was placed on trial upon such indict-
ment; that Stephen F. Merritt, who, in this case is alleged
to be the owner of the watch, testified that his true name
was *Stephen* F. Merritt; that because of the variance between
the allegation and the proof, as to the ownership of the
watch, the Court instructed the jury to acquit the defendant
on the ground of such variance; and that a verdict was
rendered by the jury as directed by the Court, and the

cause was ordered to be resubmitted to the next Grand Jury. The Court excluded the evidence.

It is provided by section three hundred and five, Criminal Practice Act, that "if the defendant were formerly acquitted on the ground of a variance between the indictment and the proof, or upon an objection to the form or substance of the indictment, it shall not be deemed an acquittal of the same offense." If the variance be immaterial it should be disregarded; and if the defendant be in fact acquitted, on the ground of an immaterial variance, he cannot be again prosecuted for the same offense. The question under the plea of former acquittal is: would the evidence which is necessary to support the second indictment, have been sufficient to procure a legal conviction on the first? The error of the Court or jury, in regarding as material, a variance between the allegations and proof, will not render the acquittal less available and conclusive as a bar to a subsequent prosecution.

The question, therefore, on which the case turns is, whether the allegation of the ownership of the watch is material— whether the averment that Samuel F. Merritt is the owner of the watch is descriptive of the offense, and must be proven as laid. There can be no doubt that at common law such an averment was both material and essential. The citation of authorities is unnecessary, for that is the doctrine of all the text books and the cases therein cited. But the statute of this State provides (Cr. Prac. Act, Sec. 243) that "when the offense involves the commission, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, shall not be deemed material." It is unnecessary for the purposes of this case to define the meaning of the terms "private injury" and "person injured;" for the offense is not described in the indictment in this case with sufficient

certainty, without the averment as to the ownership of the watch, to identify the criminal act, as required by that section. Omitting that averment, the description of the property is: "one gold watch of the value of two hundred dollars." That description is manifestly insufficient to distinguish the watch from any other gold watch of that value.

In *People* v. *Ah Sing*, 19 Cal. 598, which was an indictment for larceny, the coin which was stolen, was stated to be the property of Hanach Eisner & Co.; and it was held that the ownership of the coin was sufficiently alleged. That was the only point discussed, but its decision would have been quite useless, had the allegation of the ownership of the coin been considered immaterial. It was held in *People* v. *Myers*, 20 Cal. 79, that the allegation of the ownership of the building which was burned, was a part of the description of the offense of arson, with which the defendant was charged. (See, also, *People* v. *Vice*, 21 Cal. 344.) It would seem that the ownership of the stolen property is equally essential in an indictment for larceny. The Court, therefore, did not err in excluding the evidence offered by the defendant.

There being no evidence before the jury, tending to show a former acquittal on an indictment for the same offense, the Court properly refused to submit that issue to the jury.

It is evident that the question, as to whether the Court committed any error on the trial of the first indictment, cannot arise in this case, for the judgment, if not void, cannot be collaterally attacked.

Judgment affirmed.