[No. 20675. In Bank. — May 26, 1891.]

## THE PEOPLE, RESPONDENT, *v.* CALVIN ARRAS, APPELLANT.

CRIMINAL LAW — GRAND LARCENY — INFORMATION — OWNERSHIP OF STOLEN CHECK. — An information for grand larceny charging the defendant with stealing a certain bank check drawn in favor of one P., "which check was then and there of the value of $95.50, and was the property of said P.," sufficiently alleges that at the time the offense was committed the check was the property of P.

ID. — NAME OF PAYEE — IMMATERIAL VARIANCE. — Where the information charges the larceny of a check drawn in favor of "one P.," and the evidence shows that it was drawn in favor of "A. G. P. or bearer," the variance is immaterial.

ID. — VARIANCE, WHEN AND WHEN NOT MATERIAL. — A material variance between the proof and the information arises when an acquittal of the defendant under the information would be no bar to a further prosecution for the same offense; but where the discrepancy does not affect the validity of the information, or prejudice or affect the substantial rights of the defendant in his defense, the variance is immaterial.

APPEAL from a judgment of the Superior Court of Yolo County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Charles W. Thomas,* and *Hurst & Hurst,* for Appellant.

The "time" of the ownership is not laid nor definitely stated. The information for larceny should allege the ownership in the thing stolen as of the date when the offense was committed. The information does not negative the presumption that the check was rightfully in the possession of defendant at the time it was alleged to have been taken. (*People* v. *Lewis,* 64 Cal. 401; *People* v. *Hanselman,* 76 Cal. 460; 9 Am. St. Rep. 238; *People* v. *Meyer,* 75 Cal. 383.) There is a fatal variance between the information and proof, as the information avers that the check was drawn "in favor of one Pennington," "and was the property of said Pennington," and the proof discloses that the instrument introduced in evidence reads, "Pay to A. G. Pennington." (1 Bishop's Pleading and Practice, 2d ed., secs. 488, 488a, 488b; *State* v. *Rook,* 42 Kan. 419; *People* v. *Hughes,* 41 Cal. 234; *Hensley* v. *Commonwealth,* 1 Bush, 11; 89 Am. Dec. 604; *State* v. *Patterson,* 2 Ired. 346; 38 Am. Dec. 699; *State* v. *Snell,* 9 R. I. 112; *State* v. *Sherrill,* 81 N. C. 550; *Commonwealth* v. *Richardson,* 126 Mass. 34; 30 Am. Rep. 647; *People* v. *Coon,* 45 Cal. 672. See *Donnel* v. *United States,* 1 Morris, 141; 39 Am. Dec. 457; *Lyon* v. *State,* 3 Port. 236; *State* v. *Street,* Tayl. 158; 1 Am. Dec. 589; *Commonwealth* v. *Dejardin,* 126 Mass. 46; 30 Am. Rep. 652. See *Rooker* v. *State,* 65 Ind. 86; *Swain* v. *State,* 7 Tex. App. 73; *State* v. *Ah Sam,* 7 Or. 477; *Haslip* v. *State,* 10 Neb. 590.) In cases of larceny the rule is, that if the owner is misnamed, or if the name thus stated be not either his real name or the name by which he is known, or if it appear that the owner is another and different person from the person named in the information, or if the Christian name of the owner is given without any addition to ascertain the precise individual, the information is bad, because uncertain, and the variance is fatal, and the defendant should be acquitted. (2 Bishop's Criminal Procedure, sec. 718; Wharton's Criminal

Pleading and Practice, secs. 109, 115, 116; Wharton's Criminal Evidence, secs. 94 et seq.; *People* v. *Myers*, 20 Cal. 79; *People* v. *Vice*, 21 Cal. 344; *People* v. *Shuler*, 28 Cal. 490; *People* v. *Schwartz*, 32 Cal. 160; *People* v. *Bogart*, 36 Cal. 245; *People* v. *Hughes*, 41 Cal. 234; *People* v. *Barnes*, 65 Cal. 16; *People* v. *Henry*, 77 Cal. 445; *People* v. *Goggins*, 80 Cal. 229.)

*Attorney-General Hart*, for Respondent.

There was no variance. The information did not purport to give any other than the surname of the owner of the check. The evidence showed that the check was drawn in favor of and belonged to a person having and known by the surname alleged in the information. (*People* v. *McGilver*, 67 Cal. 55; *People* v. *Davis*, 73 Cal. 355; *People* v. *Henry*, 77 Cal. 445; *People* v. *Goggins*, 80 Cal. 229; *People* v. *Leong Quong*, 60 Cal. 107; *People* v. *Leong Sing*, 77 Cal. 117.)

The COURT. — The defendant was convicted of grand larceny, and appeals from the judgment, and from the order denying his motion for a new trial.

He relies upon two propositions to reverse the case: 1. That the demurrer to the information should have been sustained; 2. That there is a fatal variance between the information and the proof.

The information charges the defendant with grand larceny, in stealing a certain "bank check" drawn by one D. N. Hershey on the Bank of Yolo, in Woodland, California, "in favor of one Pennington, for the sum of $95.50, and which check was then and there of the value of $95.50, and was the property of said Pennington."

The objections to the sufficiency of the information are extremely technical, and are, in our opinion, without merit. It is claimed, for instance, that the information does not allege that at the time the offense was committed the check was the property of the complaining witness, Pennington.

The language of the information is, that "on 6r about the seventeenth day of November, 1889, Calvin Arras did willfully, unlawfully, and feloniously steal, take, and carry away certain personal property, to wit, a certain bank check, . . . . which said check was then and there of the value of $95.50, and was the property of said Pennington."

It would be overrefinement, not justified by the law or the language used, to hold the information defective in this respect.

The variance relied upon by appellant consists in this: As appears by the information, the check was drawn in favor of "one Pennington"; the check, when introduced in evidence, disclosed the fact that it was drawn in favor of A. G. Pennington or bearer.

If this be a variance, is it a material variance?

A material variance between the proof and the information arises when an acquittal of the defendant under the information would be no bar to a further prosecution for the same offense. (*People* v. *Hughes*, 41 Cal. 234.)

In this case the check described in the information and the check introduced in evidence have so many earmarks in common as to establish the identity of the two instruments as being one and the same beyond all doubt, and indicate conclusively that the misdescription could not have misled the defendant to his prejudice, and that a conviction or acquittal of the offense charged in this information would forever bar any further prosecution for the larceny of the check. This court has held that informations charging the larceny of "fifty sheep," "one cow," "four cattle," "one horse," "a gold watch," etc., were sufficient as to the description of the property stolen, when taken in connection with an allegation of ownership. Surely, then, no greatly detailed description of the bank check was necessary to be used in the information, especially when section 967 of the Penal Code provides: "In an indictment or information for the larceny of

money, bank notes, certificates of stock or valuable securities, it is sufficient to allege the larceny to be of money, bank notes, certificates of stock or valuable securities, without specifying the coin, number, denomination, or kind thereof."

If a defendant cannot object to being tried under an information measured by the foregoing section, how can this defendant complain that in this information he has been misled by a misdescription of the check, and that a fatal variance exists?

In the case of *People* v. *Edwards*, 59 Cal. 360, the defendant was charged with the crime of burglary in entering a building known as the "store of one S. Loupe," etc.; the evidence disclosed that the store belonged to S. Loupe, L. Loupe, and A. Haas, who were partners doing business there, but was known as "Loupe's store." This court said: "It is true that the additional fact was elicited that other persons were interested with the party named in the information as owner of the store which had been broken into and entered; but if that fact had been recited in the information, it would not have identified the offense with any greater certainty or enabled the defendants to understand more clearly the offense with which they were charged. It only showed that there was a partially erroneous description or allegation of ownership of the store in which they had committed the offense. . *" But the discrepancy did not in any respect affect the validity of the information, nor could it in any way have misled or prejudiced the defendants in their defense;* it affected none of their substantial rights; the variance was therefore immaterial."

This information describes the check correctly in so many respects that a defect in description in the one respect urged could not have misled the defendant in his defense, and certainly rendered the variance immaterial.

Judgment and order affirmed.

DE HAVEN, J., dissented.