## STATE v. HAM.

An information charged that accused did unlawfully steal 22 head of cattle, all being steers two and three years old, of the value of $700, then and there owned by and in the possession of C. F. Coppersmith and C. Reid, copartners as Coppersmith & Reid, and not the property of accused, with intent then and there to deprive Coppersmith & Reid thereof, etc. **Held,** that the information, apart from the allegation that the cattle belonged to Coppersmith & Reid, did not sufficiently identify the cattle, and hence evidence that one Comer was also a part owner of the property constituted a fatal variance, notwithstanding Rev. Code Cr. Proc. § 226, providing that when an offense is described with sufficient certainty in other respects to identify the act an erroneous allegation as to the person injured or intended to be injured is not material.

Where the court erred in overruling accused's motion to strike out the evidence because af a fatal variance to which accused excepted, the fact that he did not except to an instruction that the variance was not material did not preclude him from urging the error in denying his motion to strike as ground for reversal on a writ of error.

Rev. Code Cr. Proc. § 500, requiring the Supreme Court to disregard technical errors not affecting the substantial rights of the parties, only requires the court to disregard mere technical errors which the court can see do not affect the substantial rights of accused, and does not authorize it to disregard a variance, where by reason thereof the judgment would not necessarily bar another information for the same offense.

(Opinion filed, January 7, 1908.)

Error to Circuit Court, Charles Mix County. Hon. E. G. SMITH, Judge.

John Ham was convicted of larceny, and he brings error. Reversed.

*S. H. Wright,* for plaintiff in error. *S. W. Clark, Atty. Gen., Cloyd D. Sterling, Asst., Atty. Gen., and John E. Tipton, State's Atty.,* for the State.

CORSON, J. Upon an information duly filed by the state's attorney of Charles Mix county the defendant was tried and convicted of the crime of grand larceny. The information, omitting the preliminary allegations, is as follows: "That John Ham, late of said county, Yeoman, on the eleventh day of August, in the year of our Lord one thousand nine hundred and six, at the county of Charles Mix, and state of South Dakota aforesaid, did willfully and unlawfully and feloniously, and by means of fraud and stealth, and with the intent to deprive another thereof, take, steal, and carry away certain personal property; to wit, twenty-two head of cattle, the same being neat, and which cattle were then and there all steers two and three years old, and which cattle were then and there of the value of seven hundred dollars, and were then and there owned by and in possession of C. F. Coppersmith and C. Reid, copartners as Coppersmith & Reid, and not the property of the said John Ham, with intent then and there to deprive the said Coppersmith & Reid thereof, and did thereby commit the crime of grand larceny, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of South Dakota." On the trial it was disclosed by the evidence of Charlton Reid that one Louis Comer was also interested in the partnership, and was a part owner of the property alleged to have been stolen. Upon this fact appearing by the evidence of Reid, the plaintiff in error, who will hereinafter be designated the defendant, moved to strike out the evidence pertaining to the ownership and possession of this property, on the ground that the proof of ownership was at variance with the allegation in the information. The motion was by the court overruled, and the defendant excepted.

It is contended by the defendant that the ruling of the court in denying defendant's motion constiutes reversible error; for the reason that it is alleged in the information that the property alleged to have been stolen was owned by and in the possession of C. F. Coppersmith and C. Reid, copartners as Coppersmith & Reid, and that the evidence discloses the fact that the property was owned by Coppersmith, Reid, and Comer. It is insisted on the part of the Attorney General in support of the trial court's ruling that the learned circuit court properly overruled the motion of the defendant on the ground that section 226 of the Revised Code of Criminal Procedure rendered such a variance immaterial, and by that section the common-law rule requiring that the ownership of the property alleged to have been stolen must be correctly stated has been changed, and that the variance was immaterial. The section referred to reads as follows: "When the offense involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured is not material." It will be observed that by the provisions of this section, if the offense involves the commission of or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the property, an erroneous allegation as to the person injured or intended to be injured is not material. It will be observed, however, that in the information the only allegation descriptive of the property alleged to have been stolen is the ownership; that the 22 head of live stock are only described as steers two and three years old of the value of $700. Clearly such description independently of the ownership might be applied to any 22 head of steers two and three years old found in any herd of live stock in the state, and does not serve to identify any particular steers, and consequently that without the allegation of the ownership of the property there is nothing by which the same can be identified.

It will also be observed that the steers are not described by marks or brands upon them, or by any other signs by which they could be selected from any herd of live stock. It is quite clear, therefore, that there is no such description of the property "in

other respects to identify the act." We are clearly of the opinion that the provisions of the Criminal Code before quoted do not apply to this case, and that the variance between the allegations in the information and proof clearly constitute a material variance. The Criminal Code of Procedure of California, § 956, is identically the same as section 226 of our Code above quoted. In the case of People v. Hughes, 41 Cal. 234, it was held an allegation of the ownership of the stolen property is essential in an indictment for larceny, unless the offense is otherwise sufficiently described, and it was there held that the failure to correctly describe the ownership of the property was a fatal variance. In that case the learned Supreme Court of California in discussing this question says: "The question, therefore, on which the case turns, is whether the allegation of the ownership of the watch is material—whether the averment that Samuel F. Merritt is the owner of the watch is descriptive of the offense, and must be proven as laid. There can be no doubt that at common law such an averment was both material and essential. The citation of authorities is unnecessary, for that is the doctrine of all text books and the cases therein cited. But the statute of this state provides * * * that when the offense involves the commission, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured or intended to be injured shall not be deemed material. It is unnecessary for the purpose of this case to define the meaning of the terms 'private injury' and 'personal injury,' for the offense is not described in the indictment in this case with sufficient certainty, without the averment as to the ownership of the watch to identify the criminal act as required by that section. Omitting that averment the description of the property is; 'One gold watch of the value of $200.' That description is manifestly insufficient to distinguish the watch from any other gold watch of that value. * * * It was held in People v. Myers, 20 Cal. 79, that the allegation of the ownership of the building which was burned was a part of the description of the offense of arson with which the defendant was charged. See also, People v. Vice, 21 Cal. 344. It would seem that the owner-

ship of the stolen property is equally essential in an indictment for larceny. The court, therefore, did not err in excluding the evidence offered by the defendant." And in People v. Wallace, 94 Cal. 497, 29 Pac. 950, it was held, where a complaint filed before a committing magistrate charging the defendant with the larceny of three steers, the property of one Joseph Wright and E. G. Jones, upon which he was held to answer, and the information charged him with stealing two steers, the property of "one Joseph Wright," the variance was fatal, and a motion to set aside the information as not charging the offense set out in the complaint upon which he ·was examined and held to answer should have been granted. In that opinion the court says: "The defendant further claims that he was not legally committed for the offense charged in the information, because it is not the same as charged in the complaint upon which he was examined and held to answer; and we think his motion to set aside the information should have been granted for this reason. It is shown by the record that in the complaint filed before the magistrate, the defendant was charged with the larceny of 'three certain steers, the personal property then and there of one Joseph Wright, to wit, two certain steers.' It is manifest that there is such a variance between the offense described in the complaint and that charged in the information that the one cannot be deemed the same as the other. The only attempt made in either the complaint or the motion to describe the stolen property, and thus to identify the offense, was by an averment as to the ownership of the property, and this averment not being the same in both, the information describes a different offense from that contained in the complaint, and proof which would sustain one would not support the other. 2 Bishop's Crim. Pro. § 723. There can be no doubt that in an indictment or information for larceny, where the stolen property is not otherwise described so as to identify the offense, the allegation of ownership is a material part of the description of the offense charged. People v. Hughes, 41 Cal. 234."

·It will be observed in the case from which we have last quoted that the case of People v. Hughes, supra, is apparently cited with approval. The case of People v. Smith, 112 Cal. 333, 44 Pac.

663, cited by the Attorney General, was a case in which the appellant alleged the property as belonging to the estate of W. C. Elledge, deceased, while the information alleged ownership in Joseph Elledge and Mrs. M. J. Elledge as executor and executrix of the estate of W. C. Elledge, deceased, and in that case the court held that "there was no substantial variance in the offense as charged in the complaint and in the information. In each the offense was described with sufficient certainty to identify the act, and the alleged ownership was in effect the same, namely, in the estate of W. E. Elledge, deceased." In People v. Prather, 120 Cal. 660, 53 Pac. 259, cited by the Attorney General, the Supreme Court of California held that an information charging a larceny of cattle as belonging to the estate of a deceased person is not fatally defective, following the decision in People v. Smith, supra. In the case of People v. Quong, 60 Cal. 107, also cited by the Attorney General, it was held "that the name of a person is the designation by which he is known. As therefore the power of the property was known by the name of Sang Hop that name was sufficient in legal proceedings whether he had another name or not." In the case of Martin v. Territory, 4 Okl. 105, 43 Pac. 1067, also cited by the Attorney General, it was held by the Supreme Court of Oklahoma that under the statute of that territory, which is the same as our own, it was not a fatal variance, because the proof showed that the property was taken from J. S. Lyon as agent of the owner, while the indictment charged that J. S. Lyon was the owner of the property. And that court held as did this court in the case of State v. Vincent, 16 S. D. 62, 91 N. W. 347, that the property alleged to have been stolen may be laid as the property of the agent having charge of the property instead of the owner. In the case at bar as above stated there is nothing in the information by which the property alleged to have been stolen can be identified, except its ownership, and hence it was important and material that the true ownership be alleged in the information, and in our opinion, as the proof clearly established the fact that Coppersmith and Reid were not the sole owners of the property, but that Louis Comer was interested with them in the same, the variance was material, and the error of the court,

therefore, in overruling the defendant's motion, requires a reversal of the judgment.

It is further contended by the learned Attorney General that the court in its instructions to the jury charged them that "the ownership of these cattle is alleged to be in Coppersmith & Reid or Reid & Coppersmith. The evidence shows that another person was interested in that partnership, and was a part owner of the property which is in question here. That variance as the court has ruled in this case is not material, and is of no consequence so long as the evidence discloses the real ownership of the property;" and as no exception to the charge was taken by the defendant, it is now too late to raise that question in this court, but we are of the opinion that there is no merit in this contention. If the court erred in overruling the defendant's motion to strike out the evidence on the trial, the fact that the court in its charge to the jury affirms its ruling on the trial, though not excepted to, does not cure its error in overruling the motion. When one has property once excepted to the ruling of a court, he is not reqired to repeat that exception in order to avail himself of the error committed in the first ruling, except in a case where incompetent evidence has been admitted under objection and exception, and subsequently practically the same evidence is admitted on the trial without objection.

Our attention is further called by the Attorney General to section 500 of our Revised Code of Criminal Procedure, which he claims requires this court to disregard technical errors or defacts which do not affect the substantial rights of the parties That section reads as follows: "After hearing the writ, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties." In the case at bar, however, we are of the opinion that the error complained of and to which exception was taken does not offect the substantial rights of the defendant. Should the defendant be again charged in an information with the larceny of 22 steers, the property of the three persons shown to be the owners of the live stock in this case, he could not plead his conviction in the present case at bar to the new information, for

the reason that the ownership of the live stock in the second information would be essentially different. The purpose and object of the section of our Code of Criminal Procedure last quoted is to require the court to disregard such technical errors or defects as the court can clearly see does not affect the sustantial rights of the defendant. The case of State v. Reddington, 7 S. D. 372, 64 N. W. 170, clearly illustrates what technical error or defects this court is required to disregard. In that case the court held, "where the record shows that a defendant, regularly indicted for a felony, is present in court in person and by counsel, announces himself ready for trial, goes to trial without objection, and submits to the jury the question of guilt upon a trial regularly conducted, as upon a plea of 'not guilty,' it is not ground for reversal, under our statutes, that the record does not affirmatively show that the defendant was arraigned or that he pleaded." We are of the opinion, therefore, that the section of the Criminal Code last above quoted is only intended to require us to disregard mere technical errors occurring in the course of the trial, and such as this court can clearly see do not affect the substantial rights of the defendant; but, where as in the case at bar the defendant's substantial rights might be affected, it is the duty of this court, when error of the trial court intervenes, to give to the defendant the benefit of his exception by reversing the judgment of such court.

It is contended by the Attorney General that under the law as held in the case of State v. Vincent, 16 S. D. 62, 91 N. W. 347, the judgment in the case at bar should be affirmed, but this contention is untenable. As will be observed in that case this court held that the ownership of the property might be laid in the agent, who had the possession, charge, and control of the property, instead of the real owner of the same; but in that case the name of the agent was correctly stated, and hence there was no variance between the allegation of the information as to the ownership and the proof on the trial. In the case at bar, however, there is a variance between the ownership as alleged in the information and the ownership as proven on the trial. In the former case the record of a former conviction or acquittal would constitute a bar to a new information or indictment, while in the case at bar the rec-

ord would not constitute a bar to another information or indictment allegeing the true ownership of the property as in C. F. Coppersmith, C. Reid, and Louis Comer, the real owners of the property. There is therefore no cinflict between the decision in the present case and that of State v. Vincent.

In the view we have taken of the first assignment of error, which necessarily disposes of the case, it will not be necessary to consider or discuss the other errors assigned.

The judgment of the court below, and order denying a new trial; are reversed.

HANEY, J., dissenting.