(118 N. W. 823.)

STATE OF NORTH DAKOTA v. W. A. LAECHELT.

Opinion filed November 18, 1908.

Criminal Law — Embezzlement — Indictment and Information — Variance.

1. In a prosecution for embezzlment of a certain check, the information described the check as drawn by "Stromen Bros." to "Bovey-Shute Lumber Company," while the proof disclosed that the same was drawn by "Stromen Bros., by Ed. T. Stromen, by A. T. Stromen," to "Bove-Shaut Lumber Company." *Held*, that the variance was immaterial.

Embezzlement — Proof of Other Crimes.

2. The chief function of a criminal information is to fully and fairly impart knowledge to the accused of the nature of the charge against him, to the end that he may prepare his defense thereto. It is accordingly *held*, that, under an information charging embezzlement of a check, the state will not be permitted to show other embezzlements by the accused, and that he used the same to cover up prior embezzlements. Where proof of this character is relied upon for conviction, the defendant should be apprised thereof by the information.

Same.

3. Evidence examined, and *held* insufficient to support the judgment of conviction.

Appeal from District Court, Pierce county; *Burr, J.*

W. A. Laechelt was convicted of embezzlement, and appeals.

Reversed.

*Tyler* & *Woodward,* for appellant.

Where a name is material, evidence must follow the charge of the information. Roush v. State, 51 N. W. 755; 1 Bishop on Criminal Law, 485; Sykes v. People, 132 Ill. 32; State v. Woodrow, 42 Pac. 714.

When the accused is a witness he may be questioned to test his credibility, and matter as to his direct examination, but not as to matters foreign thereto. State v. Underwood, 44 La. Annual, 852; Sailor v. Commonwealth, 30 S. W. 390; State v. Chamberlain, 89 Mo. 129; Fossdahl v. State, 62 N. W. 185; People v. Thomas, 9 Mich, 321; State v. Saunders, 14 Ore. 300; People v. O'Brien, 6 Pac. 695; Gale v. People, 25 Mich. 156; Cliffton v. Granger, 53 N. W. 316; Re Lewis, 39 How. Pr. 155.

*T. F. McCue, Attorney General,* and *Albert E. Coger, State's Attorney,* for respondent.

Variance to be fatal must have been in a material matter, and calculated to mislead defendant to his prejudice. People v. Main, 46 Pac. 612; State v. Short, 6. N. W. 584; State v. Childers, 49 Pac. 801; State v. Crawford, 23 N. W. 684; State v. Blakeley, 86 N. W. 419; State v. Vincent, 91 N. W. 347; State v. Watson, 1 Pac. 770; People v. Smith, 44 Pac. 663; State v. Gordon, 42 Pac. 346; State v. Flack, 29 Pac. 571; Bish New Crim. Pro. 2, Sec. 731-732; Sanders v. State, 12 S. E. 1058; People v. Arras, 26 Pac. 766.

Evidence of other crimes to show motive, intent, absence of mistake, or common scheme or plan is admissible. Underhill on Crim. Ev. 111; 4 Elliott on Ev. Sec. 2721; 10 Am. & Eng. Enc. Law 1032-1033, Note 2; 62 L. R. A. 264-269.

Deposit of check to its owner's credit but to cover previous shortage of him depositing is a conversion. State v. Baumhager, 9 N. W. 704; State v. Hosher, 67 Pac. 386; Territory v. Meyer, 24 Pac. 183; State v. Palmer, 20 Pac. 270; Bowman v. Brown, 3 N. W. 612; Spalding v. People, 49 N. E. 993; Bonding Co. v. Milwaukee Co. 91 Md. 733, 48 Ill. 72.

Fisk, J. Appellant appealed from a judgment of conviction of the crime of embezzlement. He was charged by the information

with having embezzled a certain bank check, dated December 12, 1906, for the sum of $355, drawn upon the Merchants' Bank, Rugby, N. D., by Stromen Bros., the said check being the property of the Bovey-Shute Lumber Company, appellant's employer, and received by appellant in the course of his employment by such firm. The evidence discloses that such check was received by defendant as employe of said firm, and was, pursuant to general instructions, deposited by him in the Merchants' Bank at Rugby, to the credit of said firm, although he made no entry in the books of the company of the receipt of such check, as was his duty to do. This evidence is not controverted by the state, but apparently the theory of the prosecution was that the defendant had theretofore committed other acts of embezzlement from his said employer, and that he used the check in question to cover up such other shortages or embezzlements. The accused was in no manner apprised, by the facts alleged in the information, that the state relied on any such theory for conviction. The proof of other embezzlements consisted chiefly of testimony elicited from defendant on cross-examination and over his objection. Four grounds are urged by appellant's counsel for a reversal of the judgment, as follows: (1) It is contended that it was reversible error to admit in evidence the check in question, for the reason that it is not the check described in the information, the information alleging that the check was drawn by "Stromen Bros." to "Bovey-Shute Lumber Company," while the check received in evidence shows on its face to have been drawn by "Ed. T. Stromen and A. T. Stromen" to "Bove-Shaut Lumber Company;" (2) it is contended that the trial court committed prejudicial error in permitting proof to be made of other embezzlements; (3) that it was error to compel defendant on cross-examination to give testimony relative to other defalcations; and (4) it is contended that the trial court erroneously imposed a fine in addition to imprisonment, as a part of the judgment.

We think the first contention without merit. There was no material variance between the information and the proof with reference to the description of the check claimed to have been embezzled by defendant. The alleged variance is that in the information the check is alleged to be the property of "Bovey-Shute Lumber Company," while the proof is that it was drawn to "Bove-Shaut Lumber Company;" also that the information alleges that it was drawn by "Stromen Bros.," whereas the proof discloses that it was signed

"Stromen Bros., by Ed. T. Stromen, by A. T. Stromen." The information does not allege the name of the payee of the check, but merely that it was the property of the Bovey-Shute Lumber Company, and the evidence fully sustains such allegation. An averment of the name of the payee was unnecessary, as the instrument was otherwise sufficiently described. State v. Rue, 72 Minn. 296, 75 N. W. 235. As to the variance with reference to the names of the makers, we think the same was not material, and it in no manner tended to prejudice defendant in his substantial rights. The authorities cited by appellant's counsel in support of their contention are not in point, as they are forgery cases. There is a wide difference between the rule of criminal pleading in cases of forgery and that in cases of larceny and embezzlement, as the following authorities will show: 2 Bish. New Crim. Pro. § 732; State v. Thompson, 28 Or. 296; 42 Pac. (Or.) 1002; People v. Arras, 89 Cal. 223, 26 Pac. 766. Section 9864, Rev. Codes 1905, provides: "In an information or indictment for larceny or embezzlement of money, bank notes, certificates of stock, or valuable securities * * * it is sufficient to allege the larceny or embezzlement * * * to be of money, bank notes, certificates of stock or valuable securities, without specifying the coin, number, denomination, or kind thereof." In People v. Arras, supra, the Supreme Court of California, in disposing of the question of alleged variance where the information described the stolen check as drawn in favor of "one Pennington" instead of "A. G. Pennington or bearer," as the evidence disclosed, said: "If this be a variance, is it a material variance?" A material variance between the proof and the information arises when an acquittal of the defendant under the information would be no bar to a further prosecution for the same offense. People v. Hughes, 41 Cal. 234. In this case the check described in the information and the check introduced in evidence have so many earmarks in common as to establish the identity of the two instruments as being one and the same beyond all doubt, and indicate conclusively that the misdescription could not have misled the defendant to his prejudice, and that a conviction or acquittal of the offense charged in this information would forever bar any further prosecution for the larceny of the check. * * * Surely, then, no greatly detailed description of the bank check was necessary to be used in the information, especially when section 967 of the Penal Code 1905 provides: (Here is quoted the California

section, which is identical with section 9864, Rev. Codes 1905, supra.) * * * This information describes the check correctly in so many respects that a defect in description in the one respect urged could not have misled the defendant in his defense, and certainly rendered the variance immaterial.

Appellant's second contention, in substance, is that under the information which merely charges an embezzlement of the check it was not proper to permit proof of other embezzlements. In other words, that it was not permissible for the state to show under this information that defendant intended that the check should serve to cover up his prior defalcations. That if such was the manner of the commission of the crime, it should have been alleged in order to apprise defendant of what he had to meet. That appellant's contention in this respect is sound is, to our minds, too clear for serious debate. It is a fundamental principle of criminal pleading that the accused shall be fully and fairly apprised of the nature of the charge against him, to the end that he may prepare his defense thereto. Indeed the chief function of the information is to impart such knowledge to the accused. The rule above stated is embodied in statutory form in this state. Section 9849, Rev. Codes 1905, provides: "The allegations of the information or the indictment must be direct and certain as regards: (1) The party charged; (2) the offense charged; (3) the particular circumstances of the offense charged, when they are necessary to constitute a complete offense." The evidence fairly discloses that the defendant deposited the check in the bank to the credit of his employer, in strict conformity with his duties, and that a duplicate deposit slip showing such deposit was sent to his employer at its home office in Minneapolis. How, in the light of these facts, it can be said that defendant embezzled the check we are at a loss to understand. But, even conceding for the sake of argument that the state might properly prove an embezzlement of the check in question by showing that defendant used the same to cover up other defalcations, the evidence is lacking in this respect. The testimony elicited on cross-examination of defendant as to other embezzlements was by the trial court expressly restricted to the questions of the credibility of the witness and criminal intent, the court admonishing the jury in the following language: "Gentlemen of the jury, this testimony is introduced for the simple and only purpose of affording you, if possible, means for testing the

credibility of the witness, and for the purpose of determining, if you can, whether or not there was any criminal intent, in case you find the charge proven; but you are not to consider it in any way as being before you for the purpose of determining whether this particular exhibit, or any item other than the one that he stands charged for, has been embezzled. In other words, he is not on trial for any of these items except the one charged in the information, but the testimony is permitted to go before you for the sole and only purpose of determining his credibility and determining his intent, * * * and I caution you to consider it only for that purpose." The testimony as to other offenses being thus restricted, there is no proof in the record to support the theory of the prosecution that the check in question was misappropriated by defendant to cover up other defalcations. The judgment of conviction is therefore without support in the evidence, and must be reversed.

The conclusion above reached renders a consideration of the remaining questions unnecessary, as it does not appear that they will arise upon another trial.

Judgment reversed, and cause remanded for further proceedings according to law. All concur.