PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SANTIAGO RODRÍGUEZ LÓPEZ, Defendant and Appellant.

No. 4643.   Argued February 12, 1932.—Decided February 18, 1932.

*Luis Llorens Torres* for appellant. *R. A. Gómez, Fiscal,* and *E. Díaz Viera, Assistant Fiscal,* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

The Government of Puerto Rico requires every person who puts up a still for making alcohol to be used for medicinal, sacramental, industrial, or scientific purposes to record such still at the office of the Treasurer, to take out a license and to pay a fee.

A complaint was filed against Isaac Rodríguez and Santiago Rodríguez López in that in Cabo Rojo, within the judicial district of Mayagüez, they unlawfully and wilfully had in their possession and at their disposition as "owners or custodians" of the same, a still for the purposes aforesaid without having recorded it, or filing the necessary papers in the office of the Treasurer. This failure is made a misdemeanor by section 29 of the Internal Revenue Act No. 85 of 1925.

The two defendants were father and son, and in the Municipal Court of Cabo Rojo the father was acquitted. On a trial *de novo* in the District Court of Mayagüez, at the close of the government's case the defendant Santiago Rodríguez López presented a motion for nonsuit. The appellant says in the said motion that an attack was made on the complaint substantially on the ground that the offense was charged in the disjunctive or alternative form. A motion for nonsuit is primarily directed to the sufficiency of the evidence. At the close of the government's case a defendant is not estopped from attacking the information or complaint, but he should make such an attack appear of record, especially if he wants to reach matters that are cured by a verdict or judgment.

The first assignment of error is as follows:

"The court below committed error in considering the complaint sufficient notwithstanding the fact that the defendant had presented objection thereto as being defective."

The only objection to the complaint is that the charge is made in the disjunctive. In other words, that the defendants are accused of being the owners or custodians of the still and are not sufficiently apprised as to whether their possession was that of owners or of custodians.

People v. Hood, 6 Cal. 237, sustained the contention of the appellant. The government draws attention to the fact that this case was directly overruled in People v. Myers, 20 Cal. 79. The appellant counters that People v. Hood, supra, was subsequently followed in People v. Tomlinson, 35 Cal. 503.

The general jurisprudence is that when a statute enumerates several acts disjunctively and the pleader desires to charge any two of them he should do so in the conjunctive and not in the disjunctive form, so that the defendant may actually know that he is not charged with one of two possible offenses. Where the words used in the statute are synonymous or where some of the words may be regarded as mere surplusage the rule does not apply. If a statute enumerates two or three possible offenses although each of them like murder, arson or forgery be committed in various ways the people must set up singly the offense or form of offense that it proposed to charge. From our examination of the authorities we are disposed to agree with the appellant that the complaint was bad and the defendant might have availed himself of this defect if he had raised the question in due manner. Then, of course, the government has an opportunity to amend or make an election.

The government could have charged the two defendants in separate counts of being owners of the still and of being the custodians of the same. The policeman who framed the complaint charged both in the same count. It is possible that

the defendant was guilty of being both the owner and the custodian of the still without having reported it as required by law. The jurisprudence is almost uniform that if a defendant suffers a verdict or judgment to go against him he waives any question of the duplicity of the complaint or information. Generally, a defendant must compel the government to make an election or else the defect is considered waived. *Crain* v. *United States,* 162 U.S. 625; *Wiborg* v. *United States,* 163 U. S. 632, 648. In *Irwin* v. *State,* 52 *Fla.* 51, it was held that the defendant should make an assault on the indictment or information by demurrer and that if he delays presenting such an issue until after verdict he must be held to have waived the question. In 10 Am. & Eng. Ann. Cas., where the same decision is reported, there is a monographic note on page 1004 of the time and method of objecting to an indictment on the ground of duplicity. The theory that underlies these decisions is that a complaint or information is vague or indefinite and is apt to cause the defendant confusion, but if he stands by and permits the government to prosecute its case to the close of the trial he can not then demur or require an election.

The second assignment is the familiar one that the judgment was against the evidence. Even if the idea of this assignment of error is to show that there was no evidence to justify the judgment, the assignment of error should say so. More particularly, an assignment of error is insufficient unless at least it says something to show that the defendant is relying, if he does so rely, on the government's supposed failure to prove the crime beyond a reasonable doubt. We shall not consider all the questions raised by the appellant under these circumstances but we shall discuss one or two of them.

The defendant alleged that the witnesses did not clearly show that the still was making alcohol. The witnesses did not say that the apparatus was distilling alcohol but did mention rum and some of the latter was seized.

It was true that in the municipal court the worm of the still was not produced at the trial but the whole apparatus had been found before the trial in the district court. The secretary of the municipal court testified that the worm was not in the courtroom but he found it later. Furthermore, as we have held in at least another case the failure to produce all parts of a still does not prevent a conviction if its existence is shown. *People* v. *Rodríguez*, 30 P.R.R. 295.

The judgment will be affirmed.