The People of Puerto Rico, Plaintiff and Appellee, v. Juan Sierra, Jr., Defendant and Appellant.

No. 5904. Argued January 23, 1936.—Decided January 30, 1936.

*Martínez Nadal & Navarro Ortiz*, for appellant. *Luis Janer, Assistant Prosecuting Attorney*, for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

On December 19, 1934, Juan Sierra was charged with having established a clandestine lottery called "Ball and Pool Room," wherein tickets were distributed for sale and a prize was offered to the purchaser or player holding a number or numbers corresponding to the winning numbers in the Santo Domingo lottery, which is played every month, or in that played on December 22, 1934.

On a trial *de novo*, the district court found the defendant guilty of having violated section 292 of the Penal Code and sentenced him to pay a fine of $25 and, in default of such payment, to be confined in jail one day for each dollar left unpaid.

The defendant maintains that the court erred in admitting in evidence a search warrant issued against Juan Sierra Alvira who is not the defendant, but his father, while the defendant, Juan Sierra Córdova, who is of legal age and married, lived in a house different from that of his father.

The evidence shows that the police received information that a lottery was being conducted in a part of the house of Juan Sierra Alvira under the direction of his son, and for that reason a search warrant against Juan Sierra Alvira was applied for and obtained. While the search was being made, defendant Juan Sierra Córdova, the son of Juan Sierra Alvira, came into the house and stated that everything that was to be found therein belonged to him, that the business was his, and that he, instead of his father, should be proceeded against, as he was the person responsible. The defendant, at the request of the police, opened a desk and wardrobe thus facilitating the search, and there were seized

the following effects: three leathern bottles (*candungos*), a package of paper wrappers for coins, five copies of the official lottery list of Santo Domingo pertaining to the regular drawing of December 2, 1934; four packages of tickets marked: "Stop 19, Santurce, $6 for each cent, at 5 p.m."; 25 lottery tickets of the gaming room (*bolipool*) "Ball and Pool Room," for December 16, 1934; five additional pool tickets for December 9, 1934; and a set of balls numbered from 1 to 10, in triplicate.

The fact that a warrant was issued to search the house of Juan Sierra Alvira and that Juan Sierra Córdova was charged with the commission of the offense does not constitute error if in fact the latter had conducted in that house a clandestine lottery prohibited by law. The proper procedure in a case of this kind is to have the search warrant issued against the occupant of the premises. If the evidence sought is found therein and another person turns out to be the guilty one, the latter has no right to attack the warrant on the ground that the same was not issued against him. The error assigned is nonexistent.

As a second ground of appeal it is urged that the court erred in admitting in evidence, over the objection of the defendant, three leathern bottles and some paper wrappers for coins, since those articles are known and admitted by the trial court as devices used in playing the policy *(bolita)* game, but not in playing a lottery such as the defendant is charged with having conducted. The defendant, indeed, objected to the admission of this evidence, but he failed to take an exception after the same had been admitted by the court.

José Flores Díaz, an insular policeman, testified without objection that he caught Antonio Bultrón Clemente in the act of selling a clandestine lottery ticket to Carlos Barrios. Antonio Bultrón testified that the tickets which the defendant gave him to sell were worth 50 cents each, and that a prize amounting to $1,500 was to be paid to the holder of

the ticket bearing the winning number in the lottery of Puerto Rico in the first drawing held after the sale; that he did not sell any tickets; that he entered a small café on Tapia Street and was arrested with the tickets; that Carlos Barrios had asked him for a number of which he had dreamed and wished to see if he had it.

Apart from the statements of the witnesses regarding the sale of tickets, which witnesses, by the way, testified without objection, we think that the proof as to the articles found in the possession of the defendant, together with the evidence produced that the tickets were worth 50 cents each and that the prize of $1,500 would be paid to the holder of the winning number, corresponding to the one winning first prize in the lottery of Puerto Rico at the first drawing held after the sale, is sufficient to sustain the judgment of the lower court finding the defendant guilty of a violation of section 292 of the Penal Code, in accordance with which every person who contrives, prepares, sets up, proposes, or draws any lottery is guilty of a misdemeanor.

Lastly, it is urged that the court erred in denying the motion presented by the defendant for a dismissal of the prosecution on the ground of variance between the allegations and the proof submitted by the Government. Said variance is said to derive from the fact that it was shown that the lottery had been drawn in connection with that of Puerto Rico and not of Santo Domingo as alleged in the complaint. The lower court held that this variance was not fatal because what the law punishes is the setting up of a lottery. We think that this conclusion is correct. A variance is not fatal where the defendant has not been prejudiced or surprised, and where, had he been acquitted, he could not be tried anew for the same offense. *People* v. *Arras*, 89 Cal. 223, 26 Pac. 766; *Harrison* v. *U. S.*, 200 F. 662; 31 C. J. 840. It does not appear from the record that the defendant alleged in the lower court that he was surprised or prejudiced. In our opinion, once it was proved that the lottery had been set

up, the fact that the same was played in connection with that of Puerto Rico or that of Santo Domingo would not justify a reversal of the judgment rendered, as it has not been shown that the defendant was surprised or prejudiced and it is evident that, had he been acquitted he could not have been tried again for the same offense.

The judgment appealed from should be affirmed.