EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN SIERRA, JR., acusado y apelante.

No. 5904.—*Sometido:* Enero 23, 1936. *Resuelto:* Enero 30, 1936.

*Martínez Nadal & Navarro Ortiz*, abogados del apelante; *Luis Janer, Fiscal Auxiliar*, abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Juan Sierra fué acusado de tener establecida, en 19 de

diciembre de 1934, una lotería clandestina titulada *"Ball and pool room"*, que distribuía billetes o *tickets* para la venta, ofreciendo premios por suerte al comprador o jugador que acertara tener en su posesión un número igual al número o números premiados en la lotería de Santo Domingo que se celebra cada mes o en la que se jugaba el 22 de diciembre de 1934.

La corte de distrito, en apelación, declaró culpable al acusado de haber infringido el artículo 292 del Código Penal y le condenó a pagar una multa de $25 o en defecto de pago a sufrir un día de cárcel por cada dólar que dejara de satisfacer.

■■ Alega el acusado que la corte cometió error al admitir como prueba una orden de allanamiento librada contra Juan Sierra Alvira, que no es el acusado, sino padre de éste, viviendo el acusado Juan Sierra Córdova, que es mayor de edad y casado, en una casa distinta de la de su padre.

La prueba demuestra que la policía tuvo conocimiento de que en una dependencia de la casa de Juan Sierra Alvira se tiraba una lotería donde el hijo hacía de jefe de la misma, y con ese motivo se solicitó y obtuvo una orden de allanamiento a nombre de Juan Sierra Alvira, que habitaba la casa. En el momento en que se procedía al registro se personó en la casa el acusado Juan Sierra Córdova, hijo de Juan Sierra Alvira, manifestando que todo lo que allí se encontraba era de él, que el negocio era suyo, y que en vez de denunciar al padre se le denunciara a él, que era el responsable. El acusado, a indicaciones de la policía, abrió un escritorio y también un ropero, facilitando el registro, y allí se ocuparon los siguientes efectos: tres *candungos* de suela; un paquete de papel para envolver monedas; cinco copias de una lista oficial de la lotería de Santo Domingo del sorteo ordinario de diciembre 2 de 1934; cuatro paquetes de *tickets* marcados "La 19, Santurce, $6 por 1 centavo, a las 5 p. m."; 25 décimos de billetes de *bolipool*

*"Ball and pool room"*, de diciembre 16, 1934; cinco más del mismo *bolipool,* de diciembre 9, 1934; y un juego de bolos, numerados del 1 al 10, en triplicado.

El hecho de que se librara una orden de allanamiento para registrar la casa de Juan Sierra Alvira y de que se haya acusado de la comisión del delito a Juan Sierra Córdova, no constituye error si en realidad este último tenía establecida en dicha casa una lotería clandestina prohibida por la ley. Lo natural y lo lógico es que la orden de allanamiento en un caso de esta naturaleza se libre contra la persona que ocupa la casa. Si en ella aparece la prueba que se busca y resulta culpable otra persona, ésta no tiene derecho a impugnar el allanamiento bajo el pretexto de que no ha sido dirigido contra él. Debe desestimarse el error apuntado.

■ Se alega como segundo motivo de error que la corte no debió admitir como prueba, habiéndose opuesto el acusado, un juego de bolos, tres *candungos* de cuero y un papel de envolver monedas, porque estos artefactos son conocidos y admitidos por la corte sentenciadora como para jugar el juego denominado "la bolita", pero nunca un juego de lotería como el que se imputa en la denuncia al acusado. Es verdad que el acusado se opuso a la admisión de esta prueba, pero no formuló excepción alguna después de haber sido admitida por la corte.

■ José Flores Díaz, policía insular, declaró sin oposición que sorprendió a Antonio Bultrón Clemente en momentos en que estaba vendiéndole un billete de la lotería clandestina a Carlos Barrios. Antonio Bultrón declara que los billetes que le dió el acusado para venderlos valían 50 centavos y se pagaba un premio de $1,500 a la persona que saliera agraciada con el billete, de acuerdo con el premio mayor de la lotería de Puerto Rico en el primer sorteo después de la venta; que no vendió billetes; que cuando iba por la calle Tapia para arriba entró en un cafetín y fué arrestado con los billetes; que Carlos Barrios le estaba

procurando un número que había soñado y quería ver si lo tenía.

Descartando lo que dicen los testigos sobre la venta de billetes, que, dicho sea de paso, declararon sin oposición, entendemos que los artículos encontrados en poder del acusado, unidos a la prueba de que los billetes valían 50 centavos y se pagaba un premio de $1,500 a la persona que saliera agraciada con el billete de acuerdo con el premio mayor de la lotería de Puerto Rico en el primer sorteo después de la venta, son bastantes para sostener la sentencia de la corte inferior declarando culpable a Juan Sierra Córdova de haber infringido el artículo 292 del Código Penal, según el cual toda persona que inventare, preparare, estableciere o jugare cualquier lotería será reo de *misdemeanor*.

■ Se alega por último que la corte erró al no declarar con lugar la moción presentada por la defensa para pedir la absolución perentoria del acusado, basándose en la incongruencia entre las alegaciones de la denuncia y la prueba practicada por El Pueblo. Consiste esta incongruencia en haberse demostrado que la lotería se jugaba en combinación con la de Puerto Rico y no con la de Santo Domingo, como se alega en la denuncia. La corte inferior declara que esta incongruencia no es fatal, porque lo que la ley castiga es el establecimiento de la lotería. Nos parece acertada esta apreciación. No es fatal la incongruencia cuando no ha habido sorpresa o perjuicio para el acusado, y cuando el mismo, de haber sido absuelto, no hubiese podido ser juzgado de nuevo por el mismo delito. *People* v. *Arras,* 89 Cal. 223, 26 P. 766; *Harrison* v. *U. S.,* 200 F. 662; 31 C. J. 840. No surge de los autos que el acusado alegase ante la corte inferior que hubiese sido sorprendido o perjudicado. En nuestro sentir, una vez probado que se estableció la lotería, el hecho de que se jugase en combinación con la de Puerto Rico o la de Santo Domingo no es motivo para revocar la sentencia dictada, cuando no se ha demostrado que hubo sorpresa o que el acusado hubiese sufrido perjuicio, y cuando es evidente que, de

haber sido absuelto, no hubiese podido ser juzgado de nuevo por el mismo delito.

   *Debe confirmarse la sentencia apelada.*