State *v.* Jackson.

See *Brannin* v. *Johnson,* 19 Maine, 361.

## STATE OF MAINE *versus* JACKSON.

The Acts prescribing the limits of towns and *counties* are public Acts of which the Court are bound to take notice.

The offence in a criminal charge should appear to have been committed in the county named in the indictment.

But an indictment which alleges an offence to have been committed in a town named, and that it belonged to the county at the *finding* of the bill, without describing in what county it was *when* the offence was committed, is valid.

An offence committed in a town which is *afterwards* incorporated with other towns into a new county, on which no proceedings are pending, is cognizable by the Court sitting in such new county. Their jurisdiction extends over offences committed within the *territorial* limits of the county, whether *before* or *after* its incorporation.

An indictment in which two distinct times and places have been mentioned where the substantive offence has been committed, and reference is afterwards

made to time and place, by the words "then and there," is defective; but when one of the places previously mentioned has reference only to the *residence* of a person named therein, it is unexceptionable.

ON EXCEPTIONS from *Nisi Prius,* SHEPLEY, C. J., presiding.

INDICTMENT, found against the respondent at Lewiston, in the county of Androscoggin, at the Aug. term, 1854. It was as follows:—

" The jurors for said State upon their oaths present, that Charles G. Jackson, of Winthrop, in the county of Kennebec, on the 8th day of January, in the year of our Lord 1854, at Poland, now in said county of Androscoggin, did commit the crime of adultery with one Rachel A. Cloudman, wife of Charles H. Cloudman, of Poland aforesaid, by then and there having carnal knowledge of the body of her, the said Rachel A. Cloudman, he, the said Charles G. Jackson, being then and there a married man, and having a lawful wife alive; the said Rachel A. Cloudman not being then and there the lawful wife of said Charles G. Jackson; and the said Rachel A. Cloudman being then and there a married woman, and having a lawful husband alive; and the said Chas. G. Jackson not being then and there the lawful husband of the said Rachel A. Cloudman, against the peace," &c.

Poland at the time the offence was charged belonged to the county of Cumberland. The new county of Androscoggin, composed of Poland and several other towns, was incorporated to take effect on March 31, 1854.

On trial the respondent was convicted, and his counsel moved in arrest of judgment for several causes, among which reliance was only placed upon the following:—

3. Because the Act of the Legislature creating the county of Androscoggin does not give this Court here jurisdiction of offences committed before the said Act took effect.

7. Because there is no averment in said indictment, that Poland, when the offence charged is alleged to have been committed, was then and there in the county of Androscoggin, or in any county in this State.

10. Because after two different places in different counties have been named in said indictment, and also two different times have been named in said indictment, all the averments material in said indictment as to the time and place are laid then and there, or with words denoting present time.

12. Because there is no averment, that said Charles G. Jackson had a lawful wife alive, or the said *particeps criminis* had a lawful husband alive when the offence is alleged to have been committed.

The motion was overruled.

*Morrill*, with whom was *Gerry*, in support of the exceptions, as to the first and second of the above reasons, cited Chit. Crim. Law, p. 196, note 1, (Perkins;) *State* v. *Jones*, 3 Halstead, 307; *Damon's case*, 6 Maine, 148; *U. S.* v. *Wood.* In support of the third, *State* v. *Roberts*, 26 Maine, 268; Chit. Crim. Law, p. 198; and in support of the fourth, *State* v. *Thurston*, 35 Maine, 205; *Moore* v. *Com.* 6 Met. 243; Chit. Crim. Law, before cited; Davis' Crim. Justice, p. 295; *State* v. *Hutchinson*, 36 Maine, 261.

*Abbott, Att'y Gen. contra.*

Rice, J. — The case is presented on motion in arrest of judgment, brought before us by exceptions. There are numerous causes assigned in the motion, why judgment should be arrested, only four of which, however, are relied upon in the argument.

The county of Androscoggin was incorporated March 18, 1854, — the Act to take effect on the 31st day of the same month.

The indictment was found at the August term of the Supreme Court, in that county, the same year. It is alleged in the indictment, that the offence was committed on the eighth day of January, A. D. 1854, at Poland, now in said county of Androscoggin.

The seventh cause assigned in the motion for arrest, but the first noticed in the argument is, "because there is no

averment in said indictment that Poland, where the offence charged is alleged to have been committed, was then in the county of Androscoggin, or any county in this State."

In *State* v. *Jones,* 3 Halstead, 307, cited and relied upon by defendant's counsel, the indictment charged, that John I. Jones, late of the township of Hardwick, in the county of Warren, on the 28th day of August, A. D. 1824, at the township of Mansfield, in the county aforesaid, and within the jurisdiction of this Court, feloniously did utter and publish as true, certain false, forged, and counterfeit acquittances," &c.

The Court at which the indictment was found, was held in June, 1825. The county of Warren was incorporated from a part of Sussex, Nov. 20, 1824.

The Court remarked in their opinion, " it is seen that at the time mentioned, there was no such place as that at which the offence is alleged to have been committed. There is a manifest repugnancy." Judgment was arrested.

The territory of the new county is described as being " all the lower part of the county of Sussex, northerly of a line beginning in the river Delaware at the mouth of Flat Brook, in the county of Walpeck, and running certain courses to other monuments." R. S., Laws of N. J., 1841, p. 172. It does not appear from the Act, whether the township of Mansfield is or is not included in the new county of Warren.

In *U. S.* v *Wood,* also cited by defendant's counsel, and referred to in Chitty's Cr. Law, 196, note, the defendant was charged as being accessory to the robbery of the United States Mail, and the offence was alleged to have been committed within the District of Pennsylvania. After the commencement of the session of the Court, but before the indictment was found, the State of Pennsylvania was divided by Act of Congress, into two Judicial Districts, the Eastern and Western. It did not appear in the indictment within which of the two districts the offence charged was committed. Judgment was therefore arrested. There was nothing in either of the above cases, either in the records or in the

statutes, by which it could be made certain whether the offences were committed within the territorial jurisdiction of the Courts in which the indictments were found, or otherwise. Judgment was, therefore, properly arrested. But *id certum est quod certum reddi potest.* In a criminal case the record should show that the offence was committed in the county charged in the indictment, but if it is shown to have been committed in a town which a public law recites to be in the county, this is sufficient, but if, since the passage of the law, the boundaries of the county have been changed, and the law changing the boundaries does not show whether the town is left within the old county, or is included in that part of the county which is taken off, the Court in such case cannot judicially know that the town is, or is not in the county. *Hilt* v. *State,* 9 Yerg. 357. The Acts prescribing the limits of counties and towns are public acts, of which Courts will judicially take notice. *Com.* v. *Springfield,* 7 Mass. 9.

The county of Androscoggin was incorporated by erecting certain existing towns, by their corporate names, into a new county. Poland is one of the towns named in the Act, and was taken from the county of Cumberland. When, therefore, the indictment charges the offence to have been committed in Poland, *now* in the county of Androscoggin, it becomes absolutely certain that the *locus in quo* is within the territorial limits of the county of Androscoggin; of which the Court will take judicial notice.

The next objection presented at the argument is, that there is no averment in the indictment, that the said Charles G. Jackson had a lawful wife alive, or the said *particeps criminis* had a lawful husband alive when the offence is alleged to have been committed.

This part of the indictment is in the precise words used in the indictment, *State* v. *Hutchinson,* 36 Maine, 261, which were, in that case, held to be sufficient, by this Court.

It is also objected that the averments as to time and place in the indictment are repugnant and uncertain.

When two distinct times and places have been mentioned, in, and at which, the substantive offence has been committed, and reference is afterwards made to time and place by the words "then and there," the allegation will be deemed defective, as it will be uncertain to *which* time and place the *then* and *there* refer.   *Jane, (a slave,)* v. *State of Missouri,* 3 Missouri, 61.

There is but one time and one place when and where the *substantive offence* is alleged in this indictment, to have been committed, to wit, *at* Poland, on, &c.   It describes one of the parties as being a resident *of* Winthrop and the other as being a resident *of* Poland.    This is merely *descriptio personæ,* and has no reference either to the time when or place where the substantive offence was committed.

It is further objected that the offence is alleged to have been committed in the county of Androscoggin, before the same was established, if alleged to have been committed in any county in this State.   As has already been remarked, the allegation in the indictment is, that the offence was committed in Poland, *now* in the county of Androscoggin. The charge substantially is, that the offence was committed in Poland which is within the territorial limits of the county of Androscoggin.

. When a new county has been incorporated, and provision made for holding terms of the Supreme Court therein, such Court will take cognizance of all crimes and offences committed within the territorial limits of such new county, which are not then pending in, or returnable to other Courts, which fall within its general jurisdiction, whether such offences were committed before or after the Act of incorporation.   Crimes are committed against the peace of the State and not against the peace of any particular county in the State.   Territorial limits are assigned for the jurisdiction of particular Courts to facilitate the despatch of judicial business and for the safety and convenience of the citizens.   No error or defect is perceived in the indictment or proceedings in this case.   *The motion and exceptions are therefore overruled.*