## COMMONWEALTH *vs.* PATRICK CREED.

An indictment for a felonious assault in one town is supported by proof of such an assault in another town in the same county and within the jurisdiction of the court.

An indictment sufficiently charges a felonious assault with a dangerous weapon, by averring that the defendant, " being armed with a dangerous weapon, to wit, a gun loaded with powder and shot, and capped, in and upon J. S. an assault did make, with the felonious intent the said J. S. with said gun to kill and murder, by feloniously," &c " discharging said gun at said J. S., and by feloniously," &c. " beating, bruising and wounding the said J. S. with said gun, and thereby giving to said J. S. one mortal wound," &c.; and is supported by evidence of such an assault and attempt by discharging the gun at J. S., or by beating J. S. with the gun.

INDICTMENT on the Rev. Sts. c. 125, § 14. The indictment averred that the defendant on the 5th of July 1856 at Boston, " the said Patrick then and there being armed with a dangerous weapon, to wit, a gun, then and there loaded with powder and leaden shot, and then and there capped, in and upon one Charles Quinn an assault did make, with the felonious intent the said Quinn with said gun to kill and murder, by then and there feloniously, wilfully, and of the malice aforethought, discharging said gun at said Quinn, and by then and there with said gun, maliciously, wilfully and of the malice aforethought of said Creed, beating, bruising and wounding the said Quinn with said gun, and thereby giving to said Quinn one mortal wound, so that the said Quinn should thereof die; and by so doing, and by force of the statute in such case made and provided, he the said Creed is deemed a felonious assaulter ; and so " " the said Creed, at said Boston, on the said fifth day of July, with force and arms, feloniously assaulted the said Quinn with said felonious intent, and in manner and form aforesaid; against the peace of said commonwealth, and contrary to the form, force and effect of the statute in such case made and provided."

At the trial in the municipal court of Boston at August term 1856, before *Nash,* J., the defendant objected to evidence being introduced to prove both modes of attempting to kill, as set forth in the indictment, to wit, discharging the gun at Quinn, and beating, bruising and wounding Quinn with the gun, and requested that the government should be ordered to

elect one of the said two modes of violence upon which they should rely. The evidence on the part of the government tended to show that the defendant snapped the gun at Quinn, exploding the cap, but not discharging the gun, and immediately rushed upon Quinn, holding the gun by the barrel, and beat Quinn upon the head with the butt, thereby breaking the stock in pieces.

The government then offered evidence to prove that the offence was committed in Chelsea, and not in Boston, as alleged. The defendant objected to this evidence as being impertinent and irrelevant to the issue, and as tending to prove a different offence from that set forth in the indictment.

The court overruled these objections, and instructed the jury " that there was no duplicity in the indictment, and that the government might prove the alleged assault and attempt in either or both of the ways set forth — they being parts of one and the same transaction ; and that it was not a variance, nor incompetent evidence, if the government proved the offence to have been committed in Chelsea, within said county of Suffolk — the allegation of place being sufficient, if the place proved, though different from that set forth, was within the county and jurisdiction of the court." The jury returned a verdict of guilty, and the defendant alleged exceptions.

The defendant also moved in arrest of judgment in said case for the reasons following :

" First. Because there is no allegation of any assault with the weapon alleged.

" Second. Because there is no allegation that said gun was capable of being discharged.

" Third. Because it does not appear by said indictment that said gun was aimed at the person alleged to have been injured by the defendant.

" Fourth. Because it does not appear that said Quinn was within such a distance of the defendant as to have been possibly injured, in any degree, by the discharge of said gun.

" Fifth. Because said indictment is generally uncertain and void in law."

The court overruled the motion, and to this overruling also the defendant alleged exceptions.

*B. J. Gerrish*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

DEWEY, J. The evidence of an assault committed in Chelsea in the county of Suffolk was properly admitted, and is not open to the objection of a variance from the indictment. *Commonwealth* v. *Tolliver*, *ante*, 386.

The indictment properly charges the manner in which the assault took place, and that, being armed with a dangerous weapon, the defendant committed an assault with intent to kill and murder. The exception to the ruling of the court, and also the motion of the defendant in arrest of judgment, are

*Overruled.*