## Case No. 15,156.

### UNITED STATES v. FOX et al.

[1 Lowell, 199.] 1

Circuit Court, D. Massachusetts. Jan., 1868.

INTERNAL REVENUE—DISTILLING—FAILURE TO PAY TAX—PROOF GALLONS—SPECIAL TAX—INDICTMENT.

1. In an indictment on section 23 of the act of July 13, 1866 (14 Stat. 153), for carrying on the business of a distiller of spirits, without paying the special tax, it is not necessary to set out the particular acts of distilling or the kinds of spirit.

2. "Then and there distilling and manufacturing spirits to a very large amount, to wit, to the amount and number of one thousand gallons of proof spirit," is a sufficient affirmative allegation that the defendant did distil.

3. Gallons of proof spirit in that connection means the same thing as the proof gallons of spirit mentioned in the statute, that is, the gallons, which if the liquor were of exact proof it would measure; and the evidence will not be confined to spirits which are actually of proof strength.

4. Such an indictment is not open to objection as multifarious if it charges in the same count that the defendants and each of them carried on the business.

5. Where the law substituting special taxes for licenses took effect upon distillers from and

1 [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

after September 1, 1866, and the charge was that the defendants carried on the business of distillers on the first of September, 1866, and thence to the tenth of December, 1866, without paying the special tax required by law, and under the former law licenses were issued for the business, to run from May to May, though for a smaller fee: Quære, Whether a person licensed under the old law, May 1, 1866, may not continue the business without further payment to May 1, 1867?

[Cited in U. S. v. Pope, Case No. 16,069.]

6. Such a person would not be indictable for continuing the business until due assessment of the additional fee, if any, had been made; and an indictment, which showed the business to have been begun under the old law and continued under the new, should negative the payment of the license fee, or of the additional fee, as well as of the special tax.

Indictment against two persons [John J. Fox and another] alleged that they carried on the business of a distiller on the first day of September, 1866, and on divers other days up to and until the tenth day of December of the same year, without having paid the special tax as required by law; they and each of them then and there distilling and manufacturing spirits to a very large amount, to wit, to the amount and number of one thousand gallons of proof spirit. After conviction they moved in arrest of judgment.

L. S. Dabney, for defendants. (1) The indictment ought to charge the particular acts which go to show that the defendants were distillers, with time, place, &c. (2) Then and there distilling and manufacturing is argumentative. (3) Both counts are multifarious, because they charge that the defendants and each of them distilled, &c. (4) The evidence should have been strictly confined to the manufacture of spirit of precisely proof strength, because the only charge is of making such spirit. (5) There should be a charge, either that the defendants began business after the new law went into effect, or that they had paid no license fee under the old law, because the licenses were from May to May, and would protect the business for the first eight months after September 1, 1866.

H. D. Hyde, Asst. Dist. Atty., for the United States. It is not necessary to negative the existence of a license, because, supposing one to have been granted, it would not protect this business after September 1. Section 80 of the new act (14 Stat. 122) provides that where any person has been assessed for a license before the passage of this act, and the amount so assessed is equal to the tax herein imposed for the business covered by such license, no special tax shall be assessed until the expiration of the period for which the license was assessed. This implies that where the tax is increased, as is the fact with distillers, the license does not protect. Besides, the allegation of time is immaterial, and this objection, therefore, comes too late. After verdict we may presume that the evidence proved the acts to have been done since May 1, 1867, the indictment having been found since that time.

LOWELL, District Judge. As I had occasion to observe in another case, the precedents prescribe a very simple form of charging such a crime as this and of negativing the authority or license. And in general, when the charge is, that a certain trade has been carried on, or that the defendant has sustained a particular character, as that of a barrator, scold, &c., it is not essential to set out the particular acts which go to make up the trading or course of life. It would be otherwise if each act were a crime; or if by the statute definition a fixed number of separate acts made up the crime. Under this law, the quantity of spirits distilled is important, because the minimum fine depends upon it; but not the kind of spirits, nor the separate acts of distilling. So as to the time. The acts being continuous, it is well to charge them as having been done on divers days between two certain days. Com. v. Tower, 8 Metc. [Mass.] 527; Wells v. Com., 12 Gray, 327 (per Metcalf, J.).

The objection to the expression "then and there distilling," &c., applies only to the first count; but it is not valid even to that; the legal intent of these words is, that the defendant did then and there distil. Turns v. Com., 6 Metc. [Mass.] 224. The charge that two persons and each of them carried on a business is well enough if they were partners or jointly concerned in the business. Rex v. Dixon, 10 Mod. 335. And this indictment clearly points to a joint trade. I do not decide that in a misdemeanor such an objection can ever be taken at this stage of the case.

It was urged with great apparent confidence, both at the trial and since, that the allegation of distilling one thousand gallons of proof spirit, confines the government to showing the manufacture of spirit at the exact strength of first proof, as established by another part of the statute, that is, one-half alcohol. I am of opinion, on the contrary, that this expression, "gallons of proof spirit," in the connection in which it is found, is not intended to be descriptive of the kind or strength of the spirit distilled, but only of the quantity, according to the statute standard. The mode of taxation, borrowed by congress from the excise laws of England, is to assess spirits by a conventional measure, depending upon the amount of alcohol which they contain. This measure is expressed in gallons, though the precise number of gallons taxed does not exist, excepting when the spirit is of exactly proof strength. Thus, for the purposes of taxation, that quantity, be it more or less, which contains ten gallons of pure alcohol, is twenty gallons of proof spirits. This has been found to be a very fair and convenient method, and it has led to the use of the phrases, proof gallons, gallons of proof spirit.

gallons of spirit at the strength of proof, all of which mean the estimated number of gallons contained in the liquors spoken of, whatever their actual bulk may be. This use of terms I find in Ure's Dictionary, Muspratt's Chemistry, and other works of like character. Our statute taxes the proof gallon, and it is easy to understand what that is, though I have not found any general dictionary of the language that defines any such gallon. This indictment sets out the number of such gallons, in order to enable the court to impose the proper fine.

The last objection appears to be well taken. The indictment ought to show that the business was carried on without due payment. Now every thing here alleged may be true, and yet the defendants may have paid a license fee on the first of May, 1866, and the business may have been conducted under the license. The new act went into operation on the second day of September, and it does require a larger fee to be paid by distillers than was required by the statute of 1864; but it may well be doubted whether the assessors would be authorized to assess the increased amount before the following May, upon those who had licenses under the old act. I find nothing in the new act looking to any such action, excepting the proviso of the eightieth section, cited at the bar, which prohibits a new assessment in certain cases; the implication from that proviso is hardly strong enough to warrant me in adding a positive duty not elsewhere enjoined. I am informed that the practice of assessors has not been uniform in the different districts in this particular; and I can easily understand that this might be so. But of this I am clear, that it cannot have been the intention of the law to render a distiller liable to these severe penalties who was carrying on his business under license when the new law took effect, unless he had been duly assessed and called on to pay the additional fee, and had refused or neglected to do so.

It is said that the time is immaterial, and that on this motion it may be presumed that evidence was given of acts done since May 1, 1867. It is not material to prove the time precisely as alleged, but it is necessary that the time charged should be consistent with the offence charged, so that the indictment shall be good on its face. Thus to lay an impossible time, or one beyond the statute of limitations; or that a crime which can only be committed on Sunday was done on Monday, &c., would be bad. In motions for arrest of judgment, the time is presumed to be truly alleged (Com. v. Hitchings, 5 Gray, 485); and taking this to be so, this indictment shows that the statute had come into full operation only as to those distillers who began business afterwards, or who being assessed for an extra license fee had not paid it, and not as to all distillers; and these defendants should have been shown to be with-

in its operation, by alleging either that they began the business under the new law, or that they were not licensed under the old law, or that having been so licensed and having been assessed an additional fee, they had not paid it. Judgment arrested.