### PEOPLE v. CARTER.

1. CRIMINAL LAW — EMBEZZLEMENT — ABSCONDING DEFENDANT — PROOF OF DEMAND.

Omission to prove a demand for money alleged to have been embezzled is not fatal where the accused absconded after receiving the money, and admitted that the money had been lost on the races.

2. SAME.

Upon a prosecution for embezzlement, proof that respondent receipted for certain moneys as treasurer of an association, and that the moneys were intended by the depositor to be applied to the purchase of stock therein, sufficiently shows that the moneys belonged to the association.

3. SAME—CORPORATION DE FACTO.

Where an attempt was made by an association to organize a corporation under a state law, and articles of association were prepared, and the incorporators assumed to do business as a corporation, the association became a corporation *de facto*, within 3 Comp. Laws 1897, § 11591, punishing embezzlement from an "incorporated company."

4. SAME.

Upon a prosecution for embezzlement from a corporation, it is sufficient to show that the property embezzled was the property of a corporation *de facto*.

Error to recorder's court of Detroit; Chapin, J. Submitted October 26, 1899. Decided February 20, 1900.

Samuel G. Carter was convicted of embezzlement, and sentenced to imprisonment for one year in the Detroit house of correction. Affirmed.

*Walters, Humphrey & Walters*, for appellant.

*Allan H. Frazer*, Prosecuting Attorney, and *William H. Turner*, Assistant Prosecuting Attorney, for the people.

MONTGOMERY, C. J.   On the 19th of May, A. D. 1899, defendant was tried and convicted in the recorder's court of the city of Detroit on an information charging him with embezzling $100 in money belonging to the Detroit Temple of Labor Association, a corporation organized under Act No. 13 of the Public Acts of 1897, entitled "An act to provide for the incorporation of labor associations," which said money had come into his hands as agent of the said association.   At the trial it was shown that he was agent and officer of said corporation, and on the 14th day of June, A. D. 1898, was its treasurer, and received the said sum of $100 from the Detroit Typographical Union No. 18, giving his receipt therefor, dated said June 14, A. D. 1898, in return for which he was expected to issue 100 shares of stock of said association.   Defendant admitted at the trial that he received this amount of $100, and, in addition, other amounts, as such agent and officer of said association, aggregating between $800 and $1,100; that he had spent all of this money betting on horse races in Detroit, Windsor, Mt. Clemens, and Chicago.   Defendant claims:

(*a*) That no demand was made upon him for the money alleged to have been embezzled.

(*b*) That the $100 alleged in the information to have been embezzled was not the property of the Detroit Temple of Labor Association.

(*c*) That the money charged to have been embezzled was not received by him in the course of his duties, and that he was not authorized to receive it.

(*d*) That the articles of association of the Detroit Temple of Labor Association were not filed as required by law.

(*e*) That the Detroit Temple of Labor Association is not a corporation.

(*f*) That the persons who signed the articles of association, of whom defendant was one, were partners, and that defendant's act was, therefore, not embezzlement.

(*g*) That the Detroit Temple of Labor Association is not such an "incorporated company" as is meant by that term as used in the embezzlement statute (3 Comp. Laws 1897, § 11591).

(*h*) That Act No. 13, Pub. Acts 1897, is unconstitutional and void.

It appears that the defendant absconded after receiving the money into his possession, and there was evidence that he subsequently admitted that the money of the association was gone, and that he lost it on the horse races. Under these circumstances, the omission to prove demand is not fatal. See *Kossakowski* v. *People*, 177 Ill. 563.

We think there can be no doubt that the money charged to have been embezzled was the property of the Detroit Temple of Labor Association. The defendant receipted for the money as treasurer, and it was intended by the depositor to be applied to the purchase of stock in the association. There is no doubt, either, from the record, that the money was received by the defendant in the course of his duties.·

The remaining questions raised may be treated briefly. All these objections are answered if embezzlement can be committed as to a corporation *de facto*. It appears conclusively that an attempt was made to organize a corporation under Act No. 13 of the Public Acts of 1897, that articles of association were prepared, and that the incorporators assumed to do business as a corporation. The association, therefore, became a corporation *de facto*. The rule is well established that, in a criminal prosecution for embezzlement, it is sufficient to show that the property embezzled was the property of a corporation *de facto*. 8 Am. & Eng. Enc. Law (2d Ed.), 757, note; *People* v. *Hawkins*, 106 Mich. 479; *Smith* v. *State*, 28 Ind. 321; *Kossakowski* v. *People, supra; People* v. *Oldham*, 111 Cal. 648.

The conviction is affirmed.

The other Justices concurred.