## AGAR v. THE STATE OF INDIANA.

[No. 21,636.    Filed April 20, 1911.    Rehearing denied June 28, 1911.]

1. EMBEZZLEMENT.—*Indictment.*—*Recitals.*—An indictment charging that defendant, "being then and there the agent, clerk, servant and employe [of a trust company] and having * * * by virtue of said employment * * * the control and possession of one bank check * * * in the sum of $515.20 * * * payable to the order of Henry E. Agar, secretary, which said check was

* * * the property of said trust company," sufficiently charges that defendant was agent of such trust company, that he received the check in such capacity and that the check belonged to such trust company, technical forms of indictment being disregarded, where the substantial merits of the case have been determined. *Axtell* v. *State,* 173 Ind. 711, overruled.   pp. 236, 245. 246.

2. INDICTMENT.—*Allegations.—Certainty.*—No more certainty is required in criminal pleading than in civil, the requirement in criminal pleading being that the allegations be certain to a common intent.   p. 244.

3. INDICTMENT.—*Sufficiency.*—An indictment whose allegations are sufficient to apprise the defendant of the nature and cause of the charge against him is sufficient.   p. 245.

4. EMBEZZLEMENT.— *Indictment.— Conclusions.— Ownership.—* An allegation in an indictment that the check in question was "the property of said trust company" states a fact and not a conclusion.   p. 245.

5. EMBEZZLEMENT.—*Indictment.—Descriptio Personae.*—An indictment alleging that the check in question was made payable to defendant "Henry E. Agar, secretary," and that it was "the property of said trust company," shows that the check did not belong to defendant.   p. 245.

6. EMBEZZLEMENT.—*Fraudulent    Conversion.—Instruction.*—In a prosecution for the embezzlement of a check, an instruction that "in determining whether or not there exists a felonious intent" the jury may consider "whether or not defendant intended to remit to his employer by his own personal check on such account," is not erroneous, though the defendant by custom had converted such checks, the real question being whether the defendant at the time intended fraudulently to convert such check to his own use.   p. 247.

7. TRIAL.—*Instructions.—Unprejudicial.*—The giving of instructions which did not prejudice defendant will not work a reversal.   p. 248.

8. BANKS.—*Checks.—Ownership.—Custom.— Embezzlement.—* The fact that defendant had for years cashed checks made payable to him officially and had remitted therefor by his personal check did not make a check so made payable his property.   p. 248.

9. EMBEZZLEMENT.— *Motive.— Insolvency of Defendant.— Instructions.*—In a prosecution for embezzlement, an instruction that the defendant's insolvency may be considered on the question of his motive is not erroneous.   p. 249.

10. TRIAL.— *Instructions.— Duplication.— Applicability.—* Instructions requested that have been substantially given in others, or that are inapplicable to the evidence, should be refused.   p. 250.

11. APPEAL.—*Briefs.—Waiver.—Failure to Set Out Objections to Evidence.*—Appellant's failure to set out in his brief alleged objections to the admission of evidence waives any objection to such evidence. p. 250.

12. EMBEZZLEMENT.—*Indictment.— Evidence.— Names.— Variance. —Forgery.*—An indictment charging that defendant embezzled a check made payable to "Henry E. Agar, secretary," is sustained by evidence of the embezzlement of a check made payable to "H. E. Agar, Sec'y," and by evidence showing the persons were the same and that "Sec'y" meant "secretary," a different rule obtaining in forgery cases. p. 250.

13. EMBEZZLEMENT.— *Demand.— Fraudulent Conversion.— Fugitives.*—No demand is necessary where defendant becomes a fugitive from the State, or fraudulently converts another's money to his own use. p. 251.

From Gibson Circuit Court; *Herdis A. Clements,* Judge.

Prosecution by The State of Indiana against Henry E. Agar. From a judgment of conviction, defendant appeals. *Affirmed.*

*Lucius C. Embree* and *Morton C. Embree,* for appellant.

*James Bingham,* Attorney-General, *Sanford Trippet,* Prosecuting Attorney, *A. G. Cavins, E. M. White* and *W. H. Thompson,* for the State.

MONKS, J.—Appellant was convicted under §2285 Burns 1908, Acts 1905 p. 584, §392, of the crime of embezzlement. The assignment of errors calls in question the action of the court in overruling the motion to quash the indictment and the motion for a new trial. The indictment was in one count.

Appellant's first contention is that the following language in the indictment does not constitute a direct averment of any matter contained in it, and is not only merely a recital, but in some of its parts constitutes recitals within the general recital: "Being then and there the agent, clerk, servant and employe of the Central Trust and Savings Company of Evansville, Indiana, a corporation organized and doing business under the laws of the State of Indiana, and having then and there, by virtue of said em-

ployment as such agent, clerk, servant and employe, the control and possession of one bank check executed by C. O. Baltzell, in the sum of $515.20, dated August 15, 1906, drawn on the Citizens Bank, of Princeton, Indiana, and payable to the order of Henry E. Agar, secretary, which check was then and there the property of said trust company, and of the value of $515.20, to the possession and ownership of which said check said trust company was then and there entitled.''

The contention of appellant rests on the ground that ''the statements following the words 'being' and 'having' in said indictment are mere recitals, and must be disregarded.'' If what follows said words ''being'' and ''having'' must be disregarded, it is evident that the court erred in overruling the motion to quash.

It has been held in many cases, however, that the allegation that ''A, being an officer,'' etc., or ''being an employe,'' etc., is a sufficient averment that he is an officer or employe.

In the case of *Rex* v. *Somerton* (1827), 7 B. & C. 463, 14 Eng. Com. Law 210, the indictment charged that defendant, ''being the servant of Joseph Hellier, on the same day, etc., feloniously did steal one gold ring then and there being in the possession of said Hellier, and being his goods and chattles.'' This indictment was held good. The court said: ''It is impossible that any person who reads this indictment can doubt that it imports that Mary Somerton was the servant of Hellier when she stole the property. I agree that we cannot by intendment or argument supply any thing which goes to constitute the guilt of the prisoner, or which may warrant a specific punishment in any particular case; but we must read and understand the language used in indictments as the rest of mankind would understand the same language, if used in other instruments, with the exception of those cases where the law requires technical terms to be used, as in the case of murder. If we were to hold that the allegation that on such a day the prisoner, being the

servant of J. Hellier, did on the same day steal the goods of J. Hellier, did not import that she stole his goods at the time when she was his servant, we would expose ourselves to that reproof expressed by a very learned and very humane judge, viz., that it is a disgrace to the law, that criminals should be allowed to escape by nice and captious objections of form."

In the case of *Rex* v. *Bootie* (1759), 2 Burr. 864, the indictment, alleging that the defendant, being one of the constables, etc., and being in the execution of his said office did wilfully and unlawfully suffer Margaret Prince, being a loose, idle, lewd and disorderly person, to escape his custody, was held good.

In the case of *Rex* v. *Lawley* (1731), 2 Stra. *904, an indictment charging that the defendant, "knowing that Crookes had been indicted, and was to be tried," attempted to persuade a witness not to appear, was held sufficient.

In the case of *King* v. *Moor* (1688), 2 Mod. *128, the information charging "that the defendant, being above the age of fourteen years, did take a young maid away unmarried," was held good.

In the case of *Rex* v. *Boyall* (1759), 2 Burr. 832, 834, the indictment charged that Mawby, "being then and there the surveyor of the highways did," etc.  It was held that " 'being' is a sufficient averment."

In the case of *Rex* v. *Ward* (1727), 2 Ld. Raym. 1461, 1466, 1468, an indictment charging that the defendant, *"onerabilis existens ad deliberandum* 315 tons of alum to the Duke of Buckingham, *ad certum dies jam praeteritum,* he, said defendant, contriving and intending said Duke of said alum to defraud, etc., forged the indorsement," was held good.  See, also, *Rex* v. *Aylett* (1785), 1 T. R. 63.

In the case of *People* v. *Hatch* (1910), 13 Cal. App. 521, 109 Pac. 1097, 1100, 1101, it was urged that "the fact that the defendant was the agent, attorney and trustee of Mrs. Sage, and that he had possession of and was intrusted with

her money as such agent, attorney and trustee, is not alleged
in direct and positive terms, but only in the participial
form." The part of the indictment was that the defendant,
"being then and there the agent, attorney, and trustee of
one Sarah E. Sage, and being then and there intrusted with
and having in his control and custody  *  *  *  as such
attorney, agent, and trustee," etc. The court held that the
use of the participial form of averment did not render the
indictment defective.

In the case of *State* v. *Scoggins* (1907), 85 Ark. 43, 47, 106
S. W. 969, the indictment charged that the defendant, "be-
ing the agent of the  *  *  *  and having then and there
in his custody and possession as such agent, as aforesaid,
*  *  *  did," etc. This is substantially the same as the
charge in the case before us, and the court held that it suf-
ficiently charged that the defendant was the agent, and that
he had possession of the funds alleged to have been embezzled
by virtue of his employment as agent.

In the case of *State* v. *Manley* (1891), 107 Mo. 364, 17
S. W. 800, it was held that an indictment charging "that
James Manley,  *  *  *  then and there being an officer
duly elected by virtue of the law of the State of Missouri,
to wit, a constable," sufficiently avers that defendant was an
officer.

In the case of *State* v. *Fogerson* (1860), 29 Mo. 416, an
indictment which charged that the defendant did disturb
the peace "by then and there cursing and swearing, and by
loud and abusive and indecent language," was held good.

In the case of *State* v. *Bloor* (1898), 20 Mont. 574, 52 Pac.
611, it was said that "a material averment may sometimes
be introduced with as much clearness and certainty by means
of the participial clause, commenced by the word 'being,' as
in the form of a direct proposition of a declarative sentence."

In the case of *Commonwealth* v. *Creed* (1857), 74 Mass.
387, an indictment charging the defendant with "then and
there being armed with a dangerous weapon, to wit, a gun,

\* \* \* an assault did make \* \* \* by \* \* \* discharging said gun at said Quinn, and \* \* \* beating, bruising and wounding the said Quinn with said gun," was held good.

In the case of *State* v. *Boncher* (1884), 59 Wis. 477, 18 N. W. 335, where the indictment charged that the persons therein named, to whom the defendant sold liquors, "who being minors," it was held sufficient. The court said: "Had the word 'they' been employed instead of 'who,' there could be no doubt of the sufficiency of the averment."

In the case of *People* v. *Hamilton* (1893), 32 Pac. (Cal.) 526, an information alleged that the defendant, "having heretofore" been a county clerk and charged with the safe-keeping, etc., of the public funds, and his official term having expired, he wilfully omitted to pay them over to his successor. It was held good.

In the case of *Battrell* v. *Ohio River R. Co.* (1890), 34 W. Va. 232, 12 S. E. 699, 11 L. R. A. 290, where the question of participles and recitals is discussed, the court said: "The first assignment of error is that the court overruled a demurrer to the declaration. Counsel for appellant points out as a defect in the declaration the fact, that, by way of recital, it alleges: 'The plaintiff being then and there, and still being, owner in fee of the land in said alley, to the median line thereof, and the plaintiff, by reason of the acts and doings aforesaid of the defendant, being cut off and deprived of access to the back part of his said lot over and by means of said alley;' whereas it should have positively and directly made those averments, because it is a general rule of pleading that whatever facts are necessary to constitute the cause of action must be directly and distinctly stated. 3 Rob. Pr. (new) 530; *Burton & Co.* v. *Hansford* [1877], 10 W. Va. 470, 27 Am. Rep. 571. The rule of pleading forbidding the statement of facts constituting the cause of action with a *quod cum,* that is, 'for that whereas,' which is purely by way of recital, is centuries old, and, though tech-

nical and in my judgment a stigma upon the common law, has been persistently insisted upon in early Virginia cases. * * * But I do not regard the present case as falling under this objection. The technical rule just spoken of was applicable to the case of the *quod cum,* 'whereas,' when used in the statement of the facts constituting the cause of action. Objectionable as it is, it should not be extended to cases not clearly within it to the defeat of justice. The language objected to is: 'The plaintiff being then and there, and still being, the owner, * * * and the plaintiff, by reason of the acts and doings aforesaid of the said defendant, being cut off and deprived of access to the back part of his said lot over and by means of said alley.' Here the statement is not under a whereas, nor exactly by any mode of recital, and is only less direct and positive in statement by reason of the use of the participle 'being,' instead of using the imperfect and present tenses of the indicative mode of the verb 'to be,' so as to read 'The plaintiff was then and there, and still is, owner in fee,' and the perfect tense 'has been' where the word 'being' occurs in the third place, so as to read 'has been cut off.' It is very common to use the participial clauses or the participial form of verbs where the intention is to make a positive statement or predication, and though not so strong or emphatic as the verb would be under other tenses of the indicative mode, and not to be commended in pleading where positive pleading is intended, yet the meaning is plain, and it is not technically by way of recital.''

In the case of *In re Nickodemus* (1869), Fed. Cas. No. 10,254, the court held the language, ''N., 'being a merchant,' '' is sufficient averment that he is a merchant under clause nine of the bankruptcy act.

It was held in the case of *United States* v. *Fox* (1868), 1 Lowell 199, 201, Fed. Cas. No. 15,156, that ''then and there distilling and manufacturing spirits,'' etc., is a sufficient affirmative allegation that the defendant did distill such spirits.

In Bicknell, Crim. Pr. 102, it is said: "Sometimes the averment may be introduced indirectly, thus, 'That A, being an officer,' etc., is a sufficient averment that he was an officer. [*Rex* v. *Boyall* (1759),] 2 Burr. 832; 2 Hawkins [Pleas of the Crown], chap. 25, §112. So, the words 'that A, knowing that B was indicted for forgery, concealed a witness against him,' etc., is a sufficient averment that B was indicted; and where an indictment for perjury stated that, at upon the hearing of the said complaint, the defendant deposed, etc., this was held to be a sufficient averment that the complaint was heard. [*Rex* v. *Aylett* (1785),] 1 T. R. [63,] 70." " 'That A being an officer,' etc., is a sufficient averment that A was an officer." Archbold, Pl. and Ev. in Crim. Cas. (21st Eng. ed.) 75. "Where the character or situation of the defendant is an essential ingredient in the offence, it is sufficient * * * to aver that he being so and so did the act, since no ambiguity can arise." Starkie, Crim. Pl. (1st Am. ed.) 271. In 2 Hawkins, Pleas of the Crown §§61, 112, pp. 314, 343, the same rule is stated. See, also, to same effect, Heard, Crim. Pl. 45, 46, 51; Clark, Crim. Proc. 194; Bishop, Directions and Forms §403, *et seq.;* Gillett, Crim. Law (2d ed.) p. 339, form 1 on said page.

In the following cases the indictment was in the participial form and was held sufficient: *Quertermous* v. *State* (1910), 95 Ark. 48, 127 S. W. 951, 952; *Fleener* v. *State* (1893), 58 Ark. 98, 100, 101, 23 S. W. 1; *People* v. *Ennis* (1902), 137 Cal. 263, 265, 70 Pac. 84; *People* v. *Piggott* (1899), 126 Cal. 509, 511, 512, 59 Pac. 31; *Lycan* v. *People* (1883), 107 Ill. 423; *Bergen* v. *People* (1856), 17 Ill. 426, 65 Am. Dec. 672; *State* v. *Hutchinson* (1853), 36 Me. 261, 263; *State* v. *Jackson* (1855), 39 Me. 291; *State* v. *Palmer* (1852), 35 Me. 9; *State* v. *Minch* (1875), 22 Minn. 67, 68-70, 74; *State* v. *Roberts* (1872), 52 N. H. 492, 493, 497; *State* v. *Parker* (1876), 57 N. H. 123; *State* v. *Hooker* (1845), 17 Vt. 658, 659-661, 667; *State* v. *Bridgeman* (1876), 49 Vt. 202, 24 Am. Rep. 124; *State* v. *Bogardus* (1904), 36 Wash. 297, 303, 304, 78

Pac. 942; *State* v. *Brown* (1910), 143 Wis. 405, 127 N. W. 956; *Edelhoff* v. *State* (1894), 5 Wyo. 19, 21-23, 36 Pac. 627.

While it is true that the participial form of averment may not be the best method of stating a fact, yet it is held sufficient as to facts like the ones here involved in states having statutory provisions in regard to the sufficiency of indictments substantially the same as ours, as is shown by the authorities before cited.

As was said by this court in the case of *Thomas* v. *State* (1885), 103 Ind. 419, 435: "The strict rules applied in criminal pleading and practice are a part of our inheritance from the mother country. They came to us from another age, and grew up in a different state of society. Some of them have been greatly modified by statutes in many of the states and others have been, in some degree, relaxed by the rulings of the courts. The modern tendency, both in legislation and judicial determination, is to relax the severe rigor of those rules, so as to apply them to the changed order of things, and still protect the liberty of the citizen to the fullest extent. In speaking of those strict rules, more especially as applied to criminal pleadings, Mr. Wharton, in his work on Criminal Pleading and Practice, §173, says: 'The great rigor of the old English law in this respect was one of the consequences of the barbarous severity of the punishment imposed. A more humane system of punishment was followed by a more rational system of pleading.' "

To carry out this purpose it is enacted that "the words used in an indictment or affidavit must be construed in their usual acceptation, in common language, except words and phrases defined by law, which are to be construed according to their legal meaning" (§2044 Burns 1908, Acts 1905 p. 584, §173) ; that "words used in the statute to define a public offense need not be strictly pursued, but other words conveying the same meaning may be used" (§2045 Burns 1908, Acts 1905 p. 584, §174) ; that an indictment or affidavit shall

be sufficient as to the part charging the offense if "the offense charged is clearly set forth in plain and concise language, without unnecessary repetition," and if it "is stated with such degree of certainty, that the court may pronounce judgment upon a conviction according to the right of the case" (§2062 Burns 1908, Acts 1905 p. 584, §191).

And it is provided that no indictment shall be deemed invalid or shall be quashed for any of the following defects: "Sixth. For any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and the person charged. * * * Tenth. For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." §2063 Burns 1908, Acts 1905 p. 584, §192.

Finally it was provided that, "in consideration of the questions which are presented upon an appeal, the court shall not regard technical errors or defects, or exceptions to any decision or action of the trial court, which did not, in the opinion of the court to which the appeal is taken, prejudice the substantial rights of the defendant." §2221 Burns 1908, Acts 1905 p. 584, §334.

Under said provisions of the statutes concerning public offenses, it is evident that criminal pleading need not be framed in the technical language that prevailed under the common law. To hold otherwise would render the provisions of said sections vain and useless, and would require us to return to the same technical system of pleading abolished or rendered unnecessary by the code of procedure in criminal cases. *Woodward* v. *State* (1885), 103 Ind. 127.

Under our code of criminal procedure, no more certainty is required in pleadings in criminal cases than in civil cases.

2. All that is necessary is that the allegations be certain to a common intent. *Brunaugh* v. *State* (1910), 173 Ind. 483, 506; *Lane* v. *State* (1898), 151 Ind. 511, 513, and cases cited.

The true test of the sufficiency of an indictment is whether

the material averments thereof are stated with such certainty as to apprise the defendant of the nature and character of the charge against him. *Woodward* v. *State, supra.*

The method of charging the character of the defendant and his possession of the money was substantially the same in many of the cases cited as in the case before us. It follows that it was sufficiently alleged in the indictment that appellant was "the agent, clerk, servant and employe" of said trust company at the time and place named, and that by virtue of said employment he had control and possession of the check mentioned; that said check was the property of said trust company, to the possession and ownership of which said trust company was then and there entitled, and that said check was of the value of $515.20. The averment that said check was the property of the trust company was not a legal conclusion, but the allegation of a fact.

It is next contended by appellant that as the indictment "charges that the check was payable to 'Henry E. Agar, secretary,' and the name of appellant is Henry E. Agar, the presumption is that the check was the property of appellant, the addition of the word 'secretary' being merely *descriptio personae,* and that therefore it would appear that appellant is charged with embezzling his own check." Even if such a presumption would arise upon the face of a check so payable, it is overcome by the averment that said check was the property of the trust company.

Appellant also contends that the indictment is insufficient as to such allegation because it merely recites that the check alleged to have been embezzled was the property of a person other than the payee, and that this is not an averment of fact; but the statement of a mere legal conclusion of the pleader, which adds no force to the indictment. But the indictment also alleged that "Henry E. Agar, being then and there the agent * * * of the Cen-

tral Trust and Savings Company,   *   *   *   and having
then and there by virtue of his said employment as such
agent,   *   *   *   the control and possession of one bank
check executed by C. O. Baltzell, in the sum of $515.20,
*   *   *   and payable to the order of Henry E. Agar, secre-
tary, which said check was then and there the property of
said trust company.'' It will be noted that the indictment
alleges more than that ''said check was then and there the
property of said trust company.'' It alleges (1) that ap-
pellant was the agent of said company, (2) that by virtue of
such employment he had possession of the check alleged to
have been embezzled; (3) that said check was the property
of the Central Trust and Savings Company. This is suffi-
cient. *Wright* v. *State* (1907), 168 Ind. 643, 645, and cases
cited; *Woodward* v. *State, supra;* 7 Ency. Pl. and Pr. 435;
15 Cyc. 497, 498. There is no defect nor imperfection in the
indictment that ''tends to the prejudice of the substantial
rights of the defendant upon the merits.'' §2063 Burns
1908, subd. 10, Acts 1905 p. 584, §192.

Tested by the rule heretofore stated, the offense of embez-
zlement under §2285, *supra,* was charged, and it ''is stated
with such a degree of certainty, that the court may
1.   pronounce judgment upon a conviction according to
the right of the case.'' §2062, *supra; Thomas* v. *State,
supra; Woodward* v. *State, supra.* The court did not err in
overruling the motion to quash. *Lane* v. *State, supra.* The
case of *Axtell* v. *State* (1910), 173 Ind. 711, which holds that
allegations in the participial form in that case were insuffi-
cient, seems to have been decided upon a misapprehension of
the effect of such allegations and upon a misapplication
thereto of the rule in regard to recitals. As was said in
*Battrell* v. *Ohio River R. Co., supra,* the statement following
the word *being* ''is not under a whereas, nor exactly by any
mode of recital.'' *Axtell* v. *State, supra,* is therefore over-
ruled.

Appellant complains of that part of instruction eight,

given by the court in which the jury was told that "in de-
termining whether or not there exists a felonious
6. intent in this prosecution, you have a right to con-
sider * * * as to whether or not defendant in-
tended to remit to his employer by his own personal check
on such account."

Appellant contends that the instruction is erroneous be-
cause "it was an undisputed and unqualified fact, proved
by the testimony of a witness for the State, that by the
acquiescence of the company in the practice of the appellant,
its agent, the appellant was authorized to cash the check,
and to deposit its proceeds in bank in the manner in which
he did. This being true, his act was lawful and could not
have been made the basis of an inference against him. The
doing of a lawful act, even with a wrongful intent, cannot
be made the basis of a crime. To constitute a crime of which
intent is an element, two things must concur: (1) An un-
lawful act, and (2) a wrongful intent. If either is wanting
the crime does not exist." This argument is erroneous.
Authority to do the act relied on as conversion is no defense
if it was done with felonious intent. The intent with which
the act was done was the vital question in the case. The
rule is that when an agent or employe does with money or
property in his possession only what he is authorized to do
by the terms of his employment, having no felonious intent,
he is not guilty of embezzlement. But the authority to sell
property or otherwise to deal with it is no defense to a
charge of embezzlement, if the agent or employe converts it
to his own use with a fraudulent intent. Therefore when
an agent or employe has authority to sell or otherwise dis-
pose of property, and does sell or otherwise dispose of it, not
for the purpose authorized but with the fraudulent intent
to appropriate it, or its proceeds, to his own use, he is guilty
of embezzling the property itself, as much as if he had no
authority to sell or otherwise dispose of it, for the sale or
disposition of the property with said fraudulent intent is a

conversion. *Leonard* v. *State* (1879), 7 Tex. App. 417; *United States* v. *Sander* (1855), 6 McLean 598, Fed. Cas. No. 16,219; *Calkins* v. *State* (1868), 98 Am. Dec. 121, 134, note; 2 Bishop, Crim. Law (5th ed.) §371; 2 Bishop, Crim. Law (7th ed.) §371; 2 Bishop, Crim. Law (8th ed.) §§370, 371; Clark & Marshall, Crimes (2d ed.) p. 520; 10 Am. and Eng. Ency. Law 995, 996. The instruction was not erroneous.

Appellant complains of instructions nine and thirteen given by the court, for the reason that they did not 7. limit the consideration of appellant's alleged felonious intent to the time of the alleged conversion of the check.

While said instructions may be inaptly drawn the jury could not have been misled thereby. Considering said instructions in connection with all the other instructions given any one would understand that the felonious intent charged must accompany the conversion.

Appellant contends that the court erred in giving instruction twelve, in regard to certain evidence the jury might consider in determining whether the check was delivered to appellant as the property of the Central Trust 8. and Savings Company, on the ground that "the only evidence adduced on the subject tended to prove that the check was to be cashed by him. That there was no dispute on the point."

This is hardly a fair statement of the record, for there was evidence from which the jury might find as it did, that the check was delivered and made payable to appellant as the agent of said trust company to pay in full a debt due to said company which was secured by a mortgage on property owned by one Altdredge, for whom the maker of the check was acting. It may be true as claimed by appellant that during a continuous period of ten years appellant had been the agent of said trust company at Princeton and in the conduct of his agency it had been his custom from the begin-

ning to collect claims due to said trust company in cash
and checks and deposit them in bank to his credit and remit
them to said company from time to time by making his
individual check, and that the trust company knew of this
custom and acquiesced in it, but this did not make said check
the property of appellant. *Qween* v. *Gale* (1876), 2 Q. B. D.
141; *People* v. *Bradner* (1887), 10 N. Y. St. Rep. 853, 857;
*Commonwealth* v. *Smith* (1880), 129 Mass. 104, 110; *Commonwealth* v. *Tuckerman* (1857), 10 Gray 173, 195-197;
*People* v. *Sherman* (1892), 133 N. Y. 349, 31 N. E. 107

Appellant contends that instruction fourteen, given by the
court, was erroneous for the following reasons: (1) "There
was no evidence 'as to the financial condition of the
defendant some time previous and at the time' of the
alleged conversion of the check;" (2) "the financial
condition of appellant 'some time previous and at the time of
the charge in this indictment' was wholly irrelevant and immaterial; (3) the jury had no right to consider evidence of
the financial condition of appellant at the time of the return
of the indictment; and (4) the financial condition of appellant even at the time of the alleged conversion of the check,
was not relevant to the issue as to intent."

It was shown at the trial that a certain elevator company,
in which appellant was interested was in the hands of a receiver and that appellant was on its paper for large amounts;
that appellant was "short" with the trust company and that
he was insolvent. All this tended to show the financial condition of appellant at the time of the alleged embezzlement,
and it is a rule, supported by the weight of authority, that
proof of insolvency at and before the time of the embezzlement is admissible on behalf of the State as tending to show
the motives and intent of the defendant. The jury were
told they might consider this evidence on the question of intent. Said instruction was not erroneous. *Dimmick* v.
*United States* (1905), 135 Fed. 257, 266, 70 C. C. A. 141,
and cases cited; *State* v. *Moyer* (1905), 58 W. Va. 146, 52

S. E. 30, 6 Am. and Eng. Ann. Cas. 344 and note page 349; *Govatos* v. *State* (1902), 116 Ga. 592, 42 S. E. 708; *Bridges* v. *State* (1897), 103 Ga. 21, 35, 29 S. E. 859, and cases cited; *United States* v. *Camp* (1886), 2 Idaho 231, 10 Pac. 226; 2 Bishop, Crim. Proc. (4th ed.) §327, (5); 1 Wharton, Crim. Law (10th ed.) p. 880; 15 Cyc. 529, note 53; 10 Am. and Eng. Ency. Law (2d ed.) 1030, and note 4.

Appellant complains of the action of the court in refusing to give instructions three, five, six, eight, nine, ten, eleven, thirteen, fifteen, and sixteen requested by appellant. So far as any of said instructions correctly stated the law applicable to this case, they were substantially given by the judge in his own instructions. The other instructions were correctly refused because they either did not correctly state the law or were not applicable to the evidence.

If any objections were made to the admission of evidence, they are waived because they are not set out in appellant's brief.

Appellant insists that "there was a failure of proof, entitling appellant to an acquittal, when at the close of the trial the State had failed to give in evidence a check payable to the order of Henry E. Agar, secretary," and "that there was a fatal variance between the check described in the indictment and the check given in evidence." The check given in evidence, and which appellant is charged with embezzling, was made payable to "H. E. Agar, Sec'y." It is shown by the evidence that "H. E. Agar" meant Henry E. Agar and that "Sec'y" meant secretary, that Henry E. Agar and H. E. Agar was one and the same person. There was not such a variance between the allegation and the proof as made the admission of the check in evidence over appellant's objection reversible error, nor was there a failure of proof because said check was payable to "H. E. Agar, Sec'y." *State* v. *Flack* (1892), 48 Kan. 146, 147, 148, 29 Pac. 571, and cases cited; *Little* v. *People* (1895), 157 Ill. 153, 155, 156, 42 N. E. 389; *State* v. *Short*

(1880), 54 Iowa 392, 6 N. W. 584; *Franklin* v. *State* (1897), 37 Tex. Cr. 312, 314, 39 S. W. 680; *Leonard* v. *State* (1879), 7 Tex. App. 417, 434-439; *Knight* v. *State* (1906), 147 Ala. 104, 108, 41 South. 911; *State* v. *Laechelt* (1908), 18 N. Dak. 88, 118 N. W. 240; *Smith* v. *State* (1904), 121 Ga. 618, 49 S. E. 677.

The cases cited by appellant in support of said contention are either not in point, for the reason that it was impossible to reconcile the proof with the allegation, or they are forgery cases in which the rule of pleading is widely different from that in cases of larceny and embezzlement. *Thomas* v. *State, supra; State* v. *Laechelt* (1908), 18 N. Dak. 88, 118 N. W. 240; *State* v. *Thompson* (1895), 28 Or. 296, 300, 42 Pac. 1002; *People* v. *Arras* (1891), 89 Cal. 223, 26 Pac. 766; 2 Bishop, Crim. Proc. (4th ed.) §732.

It is evident that the variance with reference to the name of the payee of the check was not material and that it in no manner tended to prejudice defendant in any of his substantial rights, and therefore furnishes no ground for reversal. §2221, *supra.*

It is also insisted by appellant that the verdict is not sustained by sufficient evidence. It was not necessary for the State to prove a demand on appellant in this case. *Commonwealth* v. *Tuckerman* (1857), 10 Gray 173; *Commonwealth* v. *Hussey* (1873), 111 Mass. 432, 435. The evidence shows that appellant fled from the State, and no demand is necessary in such a case, even if it would have been necessary if the accused had not fled. *State* v. *Knowles* (1904), 185 Mo. 141, 166, 83 S. W. 1083, and cases cited; *State* v. *Reynolds* (1900), 65 N. J. L. 424, 47 Atl. 644; *People* v. *Carter* (1900), 122 Mich. 668, 670, 81 N. W. 924; *Johnson* v. *State* (1904), 120 Ga. 135, 47 S. E. 510; Underhill, Crim. Ev. (2d ed.) §284.

As to the manner of proving fraudulent intent, and the necessity for demand, Wharton says: "But if he had received the money and rendered an account in which it was

omitted, the necessary proof of concealed appropriation is supplied. The fraudulent appropriation is to be inferred from facts, among which is the denial of the reception or the suppression of the fact of such reception. And it is usual to require in addition to proof of reception, some proof of attempted concealment, flight, or other facts inferring fraud; among which facts the falsification of accounts is to be noticed as peculiarly significant. The question is, 'Did the defendant appropriate furtively money coming to his master, but not as yet received by the latter?' And to prove this satisfactorily, not only the reception by the defendant must be shown, but the illicit use. For here two difficulties stand in the prosecutor's way, if the indictment be simply for embezzlement. The first is, that if the defendant took money actually paid into his employer's hands, the offense is larceny, not embezzlement. The second is, that if the allegation be that the defendant fraudulently appropriated the money before it reached his employer's hands, the fraud must be shown. And to show this, flight, insolvency, concealment, or evasions, form strong elements of proof. As notes of concealment and evasion, false entries are to be regarded as conspicuous. Pledging to a third person, also, is evidence of embezzling. And where there is this proof of evasion or misappropriation it is not necessary to prove demand by employer and refusal by servant." 1 Wharton, Crim. Law (10th ed.) §1030. See, also, *State* v. *Baumhager* (1881), 28 Minn. 226, 231, 232, 9 N. W. 704; *People* v. *Treadwell* (1881), 69 Cal. 226, 228, 10 Pac. 502; *Ex parte Hadley* (1866), 31 Cal. 108; *People* v. *Molineux* (1901), 168 N. Y. 264, 61 N. E. 286, 62 L. R. A. 226, 264; *Sykes* v. *State* (1903), 112 Tenn. 572, 82 S. W. 185, 105 Am. St. 996, 1001; 2 Bishop, Crim. Law (8th ed.) §§370, 371, 376 (3).

Under the authorities cited in this opinion, there was legal evidence to sustain every essential element of the crime charged.

The court did not err in overruling the motion for a new trial.

Having considered all the questions presented by appellant's statement of points, and finding no reversible error, the judgment is affirmed.