EL PUEBLO, DEMANDANTE Y APELADO, *v.* RODRÍGUEZ, ACUSADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Primer Distrito, en causa por infracción a la Ley de Ar-
bitrios.

No. 1889.—Resuelto en abril 4, 1922.

ARBITRIOS—ALAMBIQUES—FACULTAD DE DENUNCIAR.—La sección 88 de la Ley de
Arbitrios de 1902 no impide que cualquier persona que tenga conocimiento
de la comisión del delito formule la denuncia. La facultad de denunciar las
violaciones de dicha ley no es exclusiva del Tesorero de Puerto Rico.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. D. G. Quiñones.*
Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del
tribunal.

El apelante fué dos veces declarado culpable, primero en
la corte municipal y más tarde, después de un juicio *de novo,*
en la corte de distrito, a virtud de una denuncia, la cual es
como sigue:

"Yo, Enrique Rivera, Sargento Policía Insular, vecino de San-
turce, calle de Carretera, número 212, mayor de edad años, for-
mulo denuncia contra Esteban Rodríguez por el delito de·infracción
a la sección· 61 de la Ley de Arbitrios, cometido de la manera si-
guiente: Que en mayo 26 de 1921, hora 3 p. m. y en el sub-barrio
del Seboruco de Santurce del Distrito Judicial Municipal de San
Juan, P. R., que forma parte del Distrito Judicial de San Juan, P.
R., el acusado antes indicado voluntaria, maliciosa, e ilegalmente,
tenía en su poder y bajo su custodia dos alambiques clandestinos des-
tinados a la destilación de alcohol sin estar éstos inscritos en la ofi-
cina del Tesoro Insular. Hecho contrario a la ley. Adjunto le
acompaño las partes de alambiques que fueron ocupadas compuestas
de dos serpentinas, un recipiente de lata en forma de embudo, dos
tubos de goma, dos latas que hacía de condensadora y dos tubos de
hierro galvanizado que hacía de respiradores, las demás partes de
los alambiques no fueron ocupadas por haberlas traspuesto el acu-
sado al darse cuenta de la policía. Siendo testigos: José Cedeño,
P. I. No. 281, Otilio Encarnación, P. I. No. 444."

Los siguientes son los errores que han sido alegados:

"I. La corte cometió error al declarar sin lugar la excepción perentoria de que la acusación no había sido presentada por el Tesorero de Puerto Rico.

"II. La corte cometió error al declarar culpable al acusado del delito de infracción a la sección 61 de la Ley número 55 de junio 15, 1919, conocida por 'Ley de Arbitrios.'

"III. La corte cometió error al estimar que la denuncia aducía hecho constitutivo del delito de infracción a la sección 61 de la Ley número 55, de junio 15, 1919."

En lo que respecta al primer señalamiento de error, será suficiente con hacer referencia a los siguientes casos: *El Pueblo v. Campos,* 17 D. P. R. 1190; *El Pueblo v. Morales,* 24 D. P. R. 147, y *El Pueblo v. Miranda,* 29 D. P. R. 71. El apelante mismo llama la atención al caso citado en último término, pero disiente de la teoría en él sustentada sin tener una razón muy clara al parecer para tal disentimiento como no sea la circunstancia de haberse basado la decisión principalmente en otro fundamento distinto y más técnico.

El razonamiento bajo el segundo señalamiento de error, es que no hubo prueba documental acerca del hecho de que el alambique no estaba inscrito en la Tesorería. Esta omisión dice el apelante "constituye un error tan aparente y es una cuestión de evidencia tan elemental, que no se necesita citar autoridades." Con el debido respeto a la opinión del abogado tan confiadamente expresada, nos inclinamos decididamente al criterio contrario; pero a falta de una exposición del caso, o pliego de excepciones, la cuestión no es de importancia vital.

El tercer señalamiento se funda en lo que aparece escrito al pie de la denuncia, donde se dice que ciertas partes de los dos alambiques se presentan como prueba, no habiéndose ocupado las partes que faltan, sean las que fueren, por haberlas traspuesto el acusado al darse cuenta de la policía.

En la denuncia se imputa al acusado el hecho de haber tenido en su poder dos alambiques sin haberlos inscrito en la Tesorería. La denuncia, por tanto, imputa la comisión de un delito. El hecho así expresado pudiera ser cierto y pudo probarse sin ocuparse ninguna parte de uno u otro alambique. Si la denuncia hubiera dicho que ni una sola pieza de cualquiera de los alambiques pudo encontrarse, esa declaración no hubiera sido necesariamente incompatible con la alegación de que el acusado, en cierta fecha, tenía los dos alambiques en su poder. La posesión en la fecha alegada pudo probarse por testigos oculares, o mediante otra prueba *aliunde,* no obstante el hecho de no haberse encontrado u ocupado nada por la policía. Como hemos dicho, la prueba no se encuentra ante nos. El tercer señalamiento se dirige a la suficiencia de la denuncia, la cual, por su faz, es claramente suficiente, y el razonamiento descansa en una supuesta falta de prueba, sin que exista para ella base alguna en los autos.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Aldrey.