EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
SANTIAGO RODRÍGUEZ LÓPEZ, acusado y apelante.

No. 4643.—*Sometido:* Febrero 12, 1932. *Resuelto:* Febrero 18, 1932.

*Luis A. Limeres,* abogado del apelante; *R. A. Gómez* y *E. Díaz Viera, Fiscal* y *Fiscal Auxiliar* del Supremo, respectivamente, abogados de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El Gobierno de Puerto Rico exige de toda persona que tenga un alambique para fabricar alcohol para fines medicinales, sacramentales o científicos, que inscriba tal alambique en la oficina del Tesorero, obtenga una licencia y pague una contribución.

Se radicó una denuncia contra Isaac Rodríguez y Santiago Rodríguez López porque en Cabo Rojo, que forma parte del Distrito Judicial de Mayagüez, ilegal y voluntariamente tenían en su posesión y a su disposición como "dueños o guardianes" del mismo, un alambique para los fines antedichos sin tenerlo inscrito, llenando los documentos correspondientes en la oficina del Tesorero. Esta omisión es cas-

tigada como *misdemeanor* por la sección 29 de la Ley de Rentas Internas (núm. 85 de 1925).

■ Los dos acusados eran padre e hijo, y el padre fué absuelto por la Corte Municipal de Cabo Rojo. En un juicio *de novo* celebrado en la Corte de Distrito de Mayagüez, al cerrarse la prueba de El Pueblo, el acusado Santiago Rodríguez López presentó una moción de *nonsuit.* Dijo el apelante que en esa moción se atacó la denuncia substancialmente por el fundamento de que se imputaba el delito en forma disyuntiva o alternativa.

Una moción de *nonsuit* se dirige principalmente a la suficiencia de la prueba. Cuando El Pueblo cierra su caso el acusado no está impedido de atacar la acusación o denuncia, pero si lo hace debe hacer que tal ataque aparezca del récord, especialmente si desea dirigirlo contra cuestiones que pueden subsanarse por un veredicto o sentencia.

■■ El primer señalamiento de error lee como sigue:

"La Corte inferior cometió error al considerar suficiente la denuncia, no obstante haberle hecho reparos a la misma el acusado, y estando dicha denuncia defectuosa."

La única objeción a la denuncia es que el delito se imputa en forma disyuntiva. En otras palabras, que se imputa a los acusados el ser dueños o guardianes del alambique y no se les advierte suficientemente si lo poseían como dueños o guardianes.

El caso de *People* v. *Hood,* 6 Cal. 237, sostuvo la contención del apelante. El Pueblo llama nuestra atención al hecho de que este caso fué directamente revocado por el de *People* v. *Myers,* 20 Cal. 79. El apelante sostiene que el caso de *People* v. *Hood* fué seguido posteriormente por el de *People* v. *Tomlinson,* 35 Cal. 503.

La jurisprudencia general es que cuando un estatuto enumera varios actos disyuntivamente y la persona que formula el documento desea imputar cualquiera de los dos actos, debe hacerlo en forma conjuntiva y no disyuntiva, de tal suerte

que el acusado sepa en efecto que a él no se le imputa uno de dos posibles delitos. Cuando las palabras usadas por el estatuto son sinónimas o cuando algunas de las palabras pueden ser consideradas como meramente superfluas, la regla no es aplicable. Si un estatuto enumera dos o tres posibles delitos, aunque cada uno de ellos, como asesinato, incendio o falsificación, sea cometido en varias formas, El Pueblo debe alegar separadamente el delito o la forma del delito que se propone imputar. Del examen que hemos hecho de las autoridades estamos dispuestos a convenir con el apelante en que la denuncia era defectuosa y que el acusado quizá pudo haberse aprovechado de este defecto, de haber suscitado la cuestión en debida forma. Desde luego, entonces El Pueblo tiene la oportunidad de enmendar o de hacer una elección.

El Pueblo pudo haber imputado a los dos acusados, en narraciones separadas, ser dueños del alambique y guardianes del mismo. El policía que redactó la denuncia imputaba ambas cosas en la misma narración. Es posible que el acusado fuera culpable de ser tanto dueño como guardián del alambique sin haber dado conocimiento de él, según exige la ley. La jurisprudencia es casi uniforme en el sentido de que si un acusado permite que se rinda un veredicto o que se dicte sentencia contra él, renuncia cualquiera cuestión de duplicidad en la denuncia o acusación. Generalmente, un acusado debe obligar al Gobierno a hacer una elección, pues de lo contrario se considera que el defecto ha sido renunciado. *Grain* v. *United States,* 162 U. S. 625; *Wiborg* v. *United States,* 163 U. S. 632, 648. En el caso de *Irwin* v. *State,* 52 Fla. 51, se resolvió que el acusado debe atacar la acusación mediante excepción perentoria y que si demora la presentación de la misma hasta después del veredicto, debe considerarse que la ha renunciado. En 10 Am. & Eng. Ann. Cas., donde aparece publicada la misma decisión existe una nota monográfica en la página 1004 respecto a la forma y manera de objetar a una acusación por el fundamento de duplicidad.

La teoría en que se basan estas decisiones es que una denuncia o acusación es vaga o indefinida y propende a confundir al acusado, pero que si éste permanece pasivo y permite a El Pueblo proseguir su caso hasta la terminación del juicio, entonces no puede presentar una excepción perentoria o exigir que se haga una elección.

■ El segundo es el señalamiento familiar de que la sentencia es contraria a la prueba. Aun si el objeto de este señalamiento es demostrar que no hubo prueba para justificar la sentencia, el señalamiento de error debe decirlo así. Más particularmente, un señalamiento de error es insuficiente a menos que diga algo que demuestre que el **acusado** se basa, si ello es así, en la supuesta falta por parte de El Pueblo de probar el delito fuera de duda razonable. No consideraremos todas las cuestiones planteadas por el apelante bajo estas circunstancias, mas discutiremos una o dos de ellas.

El acusado alega que los testigos no demostraron claramente que el alambique estuviese fabricando alcohol. Los testigos no manifestaron que el aparato estaba destilando alcohol, pero sí mencionaron ron, y alguno de este último fué ocupado.

Es cierto que en la corte municipal no se presentó durante el juicio la serpentina del alambique, pero todo el aparato había sido hallado antes del juicio en la corte de distrito. El secretario de la corte municipal declaró que la serpentina no estaba en la sala de la corte, pero que él la halló más tarde. Además, conforme hemos resuelto por lo menos en otro caso, el dejar de presentar todas las partes de un alambique no impide una sentencia condenatoria si se prueba su existencia. *El Pueblo* v. *Rodríguez,* 30 D.P.R. 318.

*Debe confirmarse la sentencia.*